Garrett v. Wood.

## Alexander Garrett v. Sam. N. Wood.

### *Error from Leavenworth County.*

A justice of the peace under sec. 131 of the "Justice's Act," may try an action in replevin only when the property is of less value than one hundred dollars.   If in any stage of the proceeding, it shall be ascertained that the value amounts to that sum, although it may have been appraised at less, his jurisdiction is ousted, and further proceedings would be *coram non judice.*

The appraisement required, is merely for fixing the amount of the undertaking.

Section 141 of that act does not authorize a judgment for the value *and* the damages for detention.

If the property has been delivered to the plaintiff and the jury find for the defendant, and find the value less than $100, and damages for withholding less than that, the judgment required by sec. 141 is to be rendered. If the property cannot be returned, the proceeding is assimilated to an action in trover, the measure of damages being the value of the property at the time of conversion.

The judgment may be in the alternative, and before the rendition the justice is not required to ascertain whether the property can be returned.

The form of the judgment of a justice of the peace in action of replevin, when for the defendant, should be that he have return of the property and the damages found by the jury for its detention, if return can be had, and if return cannot be had then for the value and costs in either case.

*Semble*, the final process in such case should direct the officer to return the property and make the damages, and in case he shall not be able to find the property, then he shall make the amount of the value as found.

When the record shows that in such case a judgment was rendered "for the sum of ninety-five dollars, the value of the property or the return thereof, and also twenty dollars damages and for costs of said suit taxed at fifteen dollars," *held* that this is not a judgment for one hundred and fifteen dollars, and is, though not very formally correct, substantially the judgment required by the statute, and not void.

When it can be ascertained from the docket of a justice that he has in substance carried out the requirements of the law, a mere technical defect or informality should not be held sufficient to vitiate the proceedings.

The facts in the case fully appear in the subjoined opinion.

The case was argued by *W. P. Gambell*, for plaintiff, and submitted on brief by *H. Griswold*, for defendant in error.

*Gambell*, for plaintiff, made the following points:

1st. Jurisdiction depends upon value proved on the trial, not on the appraisement. *Clark* v. *Whitbeck*, 14 *Ill.*, 393; *Butler* v. *Ives*, 30 *Mo.*, 478.

2d. The record shows that the amount in controversy was more than $100, for which judgment was rendered. This is error. *Justices Act*, sec. 131; *Comp. L.*, *p.* 614, sec. 2; *Id.*, 640, sec. 137-8; *Butler* v. *Ives*, 30 *Mo.*, 478.

3d. The allegations on the petition as to the recovery of the judgment, are insufficient.

4th. The judgment must be certain, not in the alternative. *Comp. L.*, *p.* 641 sec. 141; *Commercial Bank* v. *White*, 3 *How. Pr.*, 292.

5th. This case does not assimilate with those for forcible entry and detainer, which disregard actual value of the property in question.

*Griswold*, for defendant, submitted:

1st. If the property replevied is appraised at less than $100 and the jury find it to be the property of the defend

Garrett v. Wood.

ant, and that its value and the damages for its detention exceed $100, the justice thereupon may render judgment for the aggregate amount. The appraisers may oust the justice of jurisdiction, by appraising too high; their action fixes the jurisdiction and it cannot be taken from him in any after stage of the proceedings. The proceeding is purely statutory.

2d. The consequences of an adverse decision would be disastrous, as at any subsequent stage of the proceeding to the appraisal, the justice has no power to certify up the case, and the District Court could not take jurisdiction, and there is no provision for remitting the excess.

3d. Sections 2 and 3 of the Justice's Act, are not applicable.

*By the Court,* CROZIER, C. J.

The petition alleges that one Simeon P. Yocum brought a suit before a justice of the peace of Leavenworth county against one Cyrus M. Adams, for the recovery of the possession of a horse; that the constable to whom the writ was directed took the horse and delivered him to Yocum upon the execution of a bond by Yocum with the plaintiff in error as his surety, in the sum of two hundred dollars; that the property was appraised at less than one hundred dollars; that a jury which had been impanneled to try the cause, rendered a verdict as follows: " We the jury, find for the defendant, and also that he had the right of property in the horse in controversy at the commencement of this suit. We also find the value of the property to be ninety-five dollars and twenty dollars damages." That the "justice of the peace thereupon rendered judgment against said Yocum for the sum of ninety-five dollars, the value of said property or the return thereof, and also twenty dollars damages, and for the costs of said suit taxed at fifteen dollars;" that Yocum resides in Missouri and Garrett in Leavenworth; that an execution was issued on the judg-

30

ment and returned "no property"; that the horse was not returned, and that the judgment had been assigned to the defendant in error, and prays judgment against Garrett and Yocum for one hundred and thirty dollars and interest and costs.

To this petition a demurrer was interposed assigning as causes all the statutory grounds, which was overruled and judgment given for Wood in the sum of one hundred and thirty-six dollars and costs.

This proceeding was instituted to procure a reversal of that judgment.

The plaintiff claims that the judgment of the justice was for one hundred and fifteen dollars, and was void for want of jurisdiction in that officer to render judgment for an amount exceeding one hundred dollars.

The sections of the Justice's Act applicable to the case, are the following :

"Sec. 131.   The plaintiff may recover the possession of specific personal property of less value than one hundred dollars before a justice of the peace, as herein provided."

"Sec. 140.   In all cases where the property has been delivered to the plaintiff where the jury shall find for the defendant, they shall also find whether the defendant had the right of property or the right of possesion only at the commencement of the suit, and if they find either in his favor they shall also find the value of the property or the value of the possession, and such damages for withholding said property as may be just and proper."

"Sec. 141.   The judgment in the cases mentioned in the two preceding sections, shall be for the return of the property or the value thereof, or the value of the posses-sion of the same in case a return cannot be had, and the costs of the suit."

It will be observed that the justice may try an action in replevin only when the property is of less value than one hundred dollars.   If in any stage of the proceeding it shall

Garrett v. Wood.

be ascertained that the value amounts to that sum, his juris-
diction is ousted. Any further proceeding after that shall
appear, will be *coram non judice*. Although the property
may have been appraised at less than one hundred dollars,
yet the test is the value of the property as ascertained upon
the trial. The appraisement is merely for the purpose of
fixing the amount of the undertaking.

If the property has been delivered to the plaintiff and
the jury find the value of the property to be less than one
hundred dollars and damages for withholding it in a sum
less than that amount, such judgment as is required by sec-
tion 141, is to be rendered. That section does not author-
ize a judgment for the value *and* the damages. If the de-
fendant gets the value of the property he is not entitled to
damages for the detention. This would be compensating
him twice for the same injury. If the property cannot be
returned the proceeding is assimilated to an action of trover
in the old form, the measure of damages being the value
at the time of the conversion. If the property can be re-
turned then he will be entitled to damages for the deten-
tion. Otherwise not, and the judgment may be in the
alternative. Before rendering judgment the justice is not
required to ascertain whether the property can be returned.
It might very well be that at the time of the rendition of
the judgment the property could be returned, but by the
time the writ was in the officer's hands it might be beyond
his reach; in which case the party would be without reme-
dy. The form of the judgment should be that he have
return of the property and the damages found by the jury
for its detention if return can be had, and if return can-
not be had, then for the value and costs in either case.
And the final process issued upon the judgment should
direct the officer to return the property and make the dama-
ges; and in case he shall not be able to find the property
then he shall make the amount of the value as found.

The judgment of the justice in the case at bar is not set

out in the petition in *haec verba*. The language of the allegation is that the justice rendered judgment "for the sum of ninety-five dollars the value of said property or the return thereof, and also twenty dollars damages, and for costs," &c. Now this if it is properly described, is not a judgment for one hundred and fifteen dollars, but a judgment for ninety-five dollars or a return of the property, and twenty dollars damages. It may not have been very formally written out, but it is substantially in the form required by the statute. Some allowance must be made for informalities in the records of these officers. They are chosen from the body of the people with reference to probity and good sense rather than legal learning, and are not presumed to be expert in forms and technicalities. Their acts, however informal, if substantially in accordance with law, are to be upheld. When it can be ascertained from their dockets that they have in substance carried out the requirements of the law, a mere technical defect or informality should not be held sufficient to vitiate the proceeding.

The judgment in this case being substantially in accordance with the law, is not void.

It will be recollected, however, that this case comes up on demurrer, and that the allegations of the petition as to what the judgment was, and not the judgment itself, has been considered. If it should turn out upon presentation of the record itself that the judgment was for the value *and* the damages, they together exceeding one hundred dollars, it will be void.

The judgment of the District Court overruling the demurrer, will be affirmed.

All the justices concurring.