JAMES LESLIE *v.* NELSON REBER.

*Error from Bourbon County.*

The actual value of the property, as proved on trial, is the criterion for determining whether a justice had jurisdiction of a replevin case, and not the value fixed by the appraisers. [Comp. L., 640, § 136; 3 Kans., 236.]

It is only when the value *exceeds* one hundred dollars that the proceedings were to be certified up to the district court [Comp. L., 640, § 137], but in replevin cases, *semble*, the jurisdiction of a justice is placed at less than $100.

The facts of the case sufficiently appear in the opinion of the court.

*W. C. Webb*, for plaintiff in error.

*M. V. Voss*, for defendant in error.

*Webb*, for plaintiff, submitted :

1. It is only when the property "exceeds $100 in value" that the justice is required to certify the cause to the district court. (*Comp. L.*, *p.* 640, § 137.) And by. sec. 1 of the same act (page 614), the justice is expressly given jurisdiction "to issue summons and take cognizance of all cases where the sum in controversy does not exceed one hundred dollars." We submit, therefore, that the words of sec. 131, and the language of CROZIER, C. J., in 3 Kans., 234-5, are not to be taken as decisive of the question raised in this case by the defendant in error.

2. The court below erred in this—that it took the "appraisement" of the property, as ascertained for the purposes of the undertaking ( justice's act, secs. 135 and 136), as the "value" of the property ; whereas, the actual value, which alone could determine the jurisdiction of the justice, must be ascertained on the trial of the action. (*Garret* v. *Wood*, 3 *Kans.*, 236.) If the defendant wished to test the jurisdiction of the justice, he should have removed the cause by petition in error, and not by appeal.

3. But the district court has jurisdiction, without regard to the question of value of property, or amount of justice's judgment. *a.* The district court has original jurisdiction of the action of replevin, even in cases

where the property in controversy is less than $100. But in such cases, the plaintiff could not recover costs. (*Code*, § 564.)   *b.* The defendant appealed, and brought the cause into the district court.   That act constitutes a "general appearance," and conferred jurisdiction of the person. (*Barnum* v. *Fitzpatrick*, 11 *Wis.*, 81; *Matlock* v. *King*, 23 *Mo.*, 400; *Perry* v. *McKinzie*, 4 *Texas*, 154; *and numerous cases cited in* 14 *Wis.*, 225.)   *c.* The filing of the petition by the plaintiff (if the case on the appeal was no case), was a petition in a fresh action.   And to this action the defendant voluntarily appeared and answered.   "The voluntary appearance of a defendant is equivalent to service," and confers jurisdiction.   *Comp. L.*, *p.* 135, § 73.

*By the Court*, KINGMAN, C. J.

This was an action of replevin brought in justice's court.   The property was replevied, and appraised at one hundred dollars.   The plaintiff had judgment before the justice.   The defendant appealed.   In the district court a petition and answer were filed.   At the next term of the court the case was dismissed for want of jurisdiction, on motion of the appellant.   To reverse this order of dismissal, the case is brought to this court.

The court below erred in this, that it took the appraisement of the property as ascertained for the purpose of the undertaking, as the value of the property, whereas, the actual value, in cases of this kind, which alone would determine the jurisdiction of the justice, must be ascertained on the trial of the action.   *Garret* v. *Wood*, 3 *Kans.*, 236; *Comp. L.*, 640, § 136.

There is no evidence in the papers that the property

had any real value, except the appraisement. The judgment of the justice did not show it, and there was no way in which the court could ascertain that fact on a motion to dismiss. · It is only when the valuation exceeds one hundred dollars that the proceedings are to be certified up to the district court.  § 137, *Justice's Act.*

The jurisdiction of the justice is placed at less than one hundred dollars, but where the valuation is not over one hundred dollars, the case is not to be sent up. The fixing of these different tests was probably an oversight of the draftsman of the law ; but there is no practical trouble in this part of the statute.  The district courts have jurisdiction in civil cases where the sum or matter in controversy exceeds the jurisdiction of a justice of the peace.  In most cases, this was up to and including one hundred dollars, except in replevin, where it was less than one hundred dollars. The great practical difficulty is where the valuation, made for the purpose of the bond only, shall be one hundred dollars or· less, and the jury shall find it of greater value, thus defeating an action without the fault of the plaintiff.  There is nothing of this difficulty in this case.

The order to dismiss is reversed, and the case remanded for further proceedings.

All the justices concurring.