UNITED STATES v. ONE BLACK HORSE et al.

(District Court, D. New Jersey. February 26, 1906.)

CUSTOMS DUTIES—FORFEITURE—SMUGGLING—SEIZURE OF PROPERTY OF INNOCENT OWNER.

Under sections 3061–3063, Rev. St. [U. S. Comp. St. 1901, pp. 2006, 2007], a team used in the transportation of smuggled merchandise is forfeitable, regardless of the fact that its owner and its driver did not have knowledge of the purposes for which it was being used. Such knowledge is unnecessary, except in the case of common carriers.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Customs Duties, § 297.]

On Information for Forfeiture.

John B. Vreeland, U. S. Atty.

Robert Carey, for claimant.

CROSS, District Judge. The attorney of the United States for this district has filed an information against certain property, to wit, one black horse, one wagon, and one set of single harness, seized by the Treasury Department as forfeited to the United States for having been used for the conveyance and transportation of cer-

tain Sumatra leaf tobacco, brought into the United States without having paid the duty to which it was subject. The claimant, the Hudson Steam Laundry Company, denies that the property has been forfeited as set out and claimed in the information.

The case was tried before the court without a jury. From the testimony I find that 54½ pounds of Sumatra leaf tobacco were landed from one of the steamships of the North German Lloyd Steamship Company, at Hoboken, within this district, on the 17th day of March, 1904, and that the horse, wagon, and harness above referred to were on that day engaged in conveying said tobacco away from said steamship company; that said tobacco had not been declared, and the duty thereon imposed by law had not been paid; and that the same had been brought into the United States contrary to law. There was no evidence to show that the claimant or the driver of the horse and wagon had knowledge of the use to which they were being put; but that is immaterial. The forfeiture is claimed under sections 3061–3063, Rev. St. [U. S. Comp. St. 1901, pp. 2006, 2007]. Under these sections it is unnecessary to show that the claimant of the property used for the transportation of smuggled merchandise had knowledge of the purposes for which the property was being used. This is conspicuously apparent from the fact that section 3063 provides that in case of common carriers it is necessary to show such knowledge. It follows, therefore, upon the principle of "expressio unius, exculsio alterius," that it is only in the case of common carriers that such knowledge must be made to appear. U. S. v. One Black Horse et al. (D. C.) 129 Fed. 167; U. S. v. Two Bay Mules (D. C.) 36 Fed. 84; Dobbins Distillery v. U. S., 96 U. S. 395, 24 L. Ed. 637.

The property seized is declared forfeited.