UNITED STATES v. TWO GALLONS OF WHISKY et al.

(District Court, D. Montana.   May 16, 1914.)

No. 157.

INDIANS (§ 35*)—INTOXICATING LIQUORS—IMPORTATION INTO INDIAN COUNTRY
—FORFEITURES—STATUTES—CONSTRUCTION.

Rev. St. § 2140, provides that if the officers of the United States have reason to suspect, or are informed, that any white person or Indian has introduced any spirituous liquor into the Indian country, they may cause the conveyance and depositories "of such person to be searched; and if any such liquor is found therein, the same, together with" such conveyances "used in conveying the same, and also the goods, packages and peltries of such person, shall be seized," libeled, and forfeited to the informer and the United States. *Held*, that in a proceeding under such section the thing involved, and not its owner, is the offender, and is proceeded against, and that the liquor, whoever its owner, and the property of the offender used in conveying the same, is subject to forfeiture; and hence, where an Indian, owning one horse, borrowed another horse and wagon belonging to his mother and a harness belonging to his father, and without permission drove outside the Indian country and brought back whisky, the whisky and his property, but not that belonging to his mother and father, was subject to forfeiture.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 61, 62; Dec. Dig. § 35.*]

Information by the United States against Two Gallons of Whisky and other articles.   Judgment directing forfeiture of the whisky and certain property belonging to one J. Matt.

Burton K. Wheeler, U. S. Atty., of Butte, Mont., and S. C. Ford, Asst. U. S. Atty., of Helena, Mont.

Edward C. Mulroney and Thos. N. Marlowe, both of Missoula, Mont., for claimants.

BOURQUIN, District Judge.   Information under section 2140, R. S., for the forfeiture of whisky, and of the horses, harness, and wagon with which it was introduced into the Indian country where seized by officers of the libelant.

From the pleadings and concessions of the parties it appears that the whisky was the property of one Eneas Grandjo, one horse was the property of James Matt, the harness was the property of Matt's father, and one horse and the wagon were the property of Matt's mother.   Matt is 16 years of age, and lives with his parents in the Indian country.   He and his mother are Indian wards of the government. The parents permitted Matt to take the team, harness, and wagon to drive to the post office at Arlee within the Indian country.   He made the drive, and then drove to Missoula without the Indian country, with Grandjo as a passenger and on the latter's persuasion.   There Grandjo purchased the whisky.   He procured Matt to transport it and him back into the Indian country, and there the seizure was made.   Matt's parents authorized him to drive to Arlee only, and had no knowledge of and did not sanction his drive to and from Missoula, or his acts in

connection therewith.  James Matt and his parents are claimants herein.

The introduction of intoxicating liquor into the Indian country is prohibited and a felony by statute.  Section 2140, supra, provides that if officers of the United States have reason to suspect or are informed that any white person or Indian has introduced any spirituous liquor into the Indian country, they may cause the conveyances and depositories "of such person to be searched; and if any such liquor is found therein, the same, together with" such conveyances "used in conveying the same, and also the goods, packages and peltries of such person, shall be seized," libeled, and forfeited to the informer and the United States.  It is clear the whisky is forfeited regardless of ownership and introducer.  It is equally clear that James Matt, as well as Grandjo, introduced the whisky into the Indian country, and, though a minor and an Indian ward of the government, he is responsible and liable for his violation of the law, and is subject to the forfeiture imposed by the statute.  But does the statute impose forfeiture of the property of Matt's parents?

It may be observed that Matt's conduct in using the property for purposes other than his parents authorized was a fraud upon them and a conversion of the property.  This is no barrier to forfeiture if the statute imposes it.  The statute is highly penal, and is not in aider of the revenues.  Hence it must be strictly construed, doubts resolved in favor of those against whom it is invoked, no person or case held within it unless clearly within its letter, and all not to defeat, but to effectuate, the legislative intent.

Noting that it forfeits the liquor introduced and found, regardless of ownership and introducer, the statute directs search of the *introducer's* conveyances, if he is a white person or Indian, and seizure, libel, and forfeiture of the *introducer's* conveyances and goods.  This restrictive language, in view of its absence in the matter of the liquor, and in view of the nature of the statute and in view of the language of analogous statutes, is significant of congressional intent to limit the forfeiture to the property owned by him who is guilty of the prohibited act.  Otherwise the stage, steamer, or other conveyance of a common carrier in the Indian country would be forfeited for the secret introduction of liquor by a passenger in or by the driver or captain of any such conveyance, though the owner was in ignorance thereof; so, likewise, the goods of shippers aboard such conveyances.  And if not the goods of others in the introducer's custody, why the conveyances of others in his custody?

It is true that in proceedings of this character the thing involved, and not its owner, is the offender and is proceeded against, but it is the thing made liable by the statute.  In some cases the thing is so made the offender regardless of ownership, and therein ignorance and innocence of the owner is no barrier to forfeiture.  If those to whom he intrusted his property for honest purposes divert it to dishonest uses, his only remedy is to pursue the delinquent party.  In other cases the thing is not made the offender, nor proceeded against unless owned by the person whose act in connection therewith invokes forfeiture, or unless the owner knowingly permitted the thing to be used therein

by said person. In still other cases, the statute imposes forfeiture upon some things, some interests, some properties, and not upon others. See U. S. v. Stowell, 133 U. S. 1, 10 Sup. Ct. 244, 33 L. Ed. 555; Dobbins v. U. S., 96 U. S. 395, 24 L. Ed. 637; Brig Malek Adhel, 2 How. 210, 11 L. Ed. 239; The Swan (D. C.) 77 Fed. 473; One Black Horse (D. C.) 129 Fed. 167; One Black Horse (D. C.) 147 Fed. 770, illustrating various forfeiture statutes.

Forfeitures are odious, and to be declared only when clearly imposed by statute. When they are claimed against those whose only offense is that they lawfully intrusted their property to others who betrayed the trust and diverted the property to unlawful uses, it must be very clear indeed that the owners are within both the letter and spirit of the statute, or the claim must be disallowed. The statute herein has no application to the property of Matt's parents. The whisky of Grandjo and the horse of James Matt are alone declared forfeited. The parents of Matt will have judgment. The seizure of their property was with probable cause, however, and upon reasonable grounds; and a certificate thereof will be entered.