## CANADIAN PAC. RY. CO. v. BLACK.

### (Circuit Court of Appeals, Second Circuit. January 11, 1916.)

#### No. 84.

1. APPEAL AND ERROR ☞1062(1)—HARMLESS ERROR—SUBMISSION OF QUESTIONS TO JURY.

Where, in an action for false arrest and malicious prosecution, the undisputed facts conclusively showed as a matter of law that there was no probable cause, defendant was not harmed by the submission of this question to the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4212; Dec. Dig. ☞1062(1).]

2. APPEAL AND ERROR ☞1053(2)—ERROR—CURE.

Plaintiff, who had formerly been a station agent in defendant's employ in British Columbia, was arrested in Buffalo on a charge based on an alleged shortage in his accounts and held for extradition. Upon promises by defendant's special agent, he waived extradition and voluntarily crossed the border into Canada, when, contrary to such promises, he was placed under close arrest and transported 2,400 miles in a public railroad coach, and subjected during such transportation to humiliation and unnecessary brutality. On a trial for false arrest and malicious prosecution, the undisputed facts showed that there was no probable cause. A witness testified that defendant's auditor, who instigated the prosecution, said that he was not sure that the alleged shortage was anything more than an error in bookkeeping, but that plaintiff had been snippy to him, and that he was going to make it as hard for him as he could. The court subsequently struck out this testimony and told the jury to disregard it. *Held* that, as this testimony could have left no possible impression on the jury's mind, except on the questions of probable cause and the amount of damages, its subsequent withdrawal cured the effect of its admission, since it was of no importance on the question of damages, in view of the more important matters bearing on that question.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4179; Dec. Dig. ☞1053(2).]

3. MALICIOUS PROSECUTION ☞67—FALSE IMPRISONMENT—DAMAGES—EVIDENCE.

In view of the evidence as to plaintiff's treatment, there was sufficient proof of loss to authorize an award of damages for injury to his reputation.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 155, 156; Dec. Dig. ☞67.]

4. MALICIOUS PROSECUTION ☞62—FALSE IMPRISONMENT—DAMAGES—EVIDENCE.

Where the complaint in such action alleged that plaintiff's nervous system was shocked by what took place, evidence tending to show that he was a changed man after his sad experience was properly admitted, as the inference that the change was due to the experience was a perfectly legitimate one for the jury to draw.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 148, 150; Dec. Dig. ☞62.]

In Error to the District Court of the United States for the Western District of New York.

Action by David J. Black against the Canadian Pacific Railway Company. Judgment on a verdict for plaintiff, which the trial court

refused, on motion, to set aside (218 Fed. 239), and defendant brings error. Affirmed.

This cause comes here upon writ of error to review a judgment of the District Court, Western District of New York, in favor of defendant in error, who was plaintiff below. The action was brought to recover damages for false arrest and malicious prosecution. Plaintiff was a station agent in the employ of defendant at Wycliff, British Columbia. There was no one else at the station; plaintiff having full charge thereof, including the billing out and receiving of freight, the sale of tickets, the handling of baggage, etc. An auditor of the defendant, one Phillips, reported a shortage in his accounts. Thereupon a warrant was obtained for his arrest from a court of British Columbia, and a special officer of the defendant had plaintiff arrested in Buffalo and held for extradition. Upon promises made by Cadieux, the special agent, plaintiff waived all opposition to extradition and voluntarily crossed the border into Canada, when he was at once, contrary to the promises, placed under close arrest and taken to the court in British Columbia, to be tried for grand larceny. When the case came on for trial, the judge dismissed it on the showing of the crown, and there was not even any necessity of calling Black to the stand. The traveling auditor admitted in substance to the judge that a mistake had been made and that there was no case.

Clinton, Clinton & Striker, of Buffalo, N. Y. (G. Clinton, Jr., of Buffalo, N. Y., of counsel), for plaintiff in error.

Sullivan, Bagley & Wechter, of Buffalo, N. Y. (J. A. Wechter, of Buffalo, N. Y., of counsel), for defendant in error.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. The trial judge instructed the jury that actual malice had not been shown and the sole issues submitted to the jury were: Did plaintiff establish lack of probable cause? If so, does the jury find malice in law? What, if any, actual damages did plaintiff sustain?

We have rarely had before us a case where the testimony adduced to show probable cause was so flimsy and unpersuasive, or where the circumstances attending the prosecution of the unfortunate plaintiff were characterized by such gross breach of faith and such humiliating and unnecessary brutality.

Fortunately we are spared the trouble of incorporating any digest of the testimony in our opinion. Upon the denial of a motion to set aside the verdict Judge Mayer reviewed the whole testimony exhaustively. His opinion will be found in 218 Fed. 239. No one reading it will be surprised that the jury assessed $25,000 as compensatory damages. All we have to do is to pass upon the points presented on this writ of error. They are three in number:

[1] 1. That the court erred in leaving to the jury the question whether or not plaintiff had shown absence of probable cause. It is argued that there is no substantial controversy on the facts relevant to "probable cause," and therefore, according to the authorities cited, the court should have determined that question itself. It is a sufficient answer to this assignment of error to say that the undisputed facts conclusively establish the proposition as a matter of law that there was no probable cause. Indeed, the trial judge himself so held when motion to dismiss was made at the end of plaintiff's case, although subsequently he sent the question to the jury. Certainly no harm re-

sulted to defendant in giving it a chance to persuade the jury that there was "probable cause," when the testimony plainly showed that there was none.

[2] 2. That a witness, Carter, testified to a conversation with Phillipps, the auditor—the real instigator of the prosecution—in which the latter stated that he was not then sure that defendant's errors were more than errors in bookkeeping, and that Black had been snippy to him, and he was going to make it as hard for him as he could. This testimony was subsequently struck out by the court, and the jury were told to disregard it. Defendant's counsel objected to this, and insisted on his exception reserved to its admission. He did not, however, when it was thus stricken out, ask to have a juror withdrawn. The point need not be disposed of on any such technicality. There are cases where "such strong impression has been made upon the minds of the jury by illegal and improper testimony that its subsequent withdrawal will not remove the effect caused by its admission, and in that case the general objections may avail on appeal or writ of error." Throckmorton v. Holt, 180 U. S. 552, 21 Sup. Ct. 474, 45 L. Ed. 663. See, also, Turner v. American Security & Trust Co., 213 U. S. 257, 29 Sup. Ct. 420, 53 L. Ed. 788; Furst v. Second Avenue R. R. Co., 72 N. Y. 542.

But this is no such case. The only possible impression left on the jury's mind could be as to two propositions only: First, absence of probable cause; second, amount of damages. But, without this evidence, the testimony was such that the court should have instructed the jury that on the undisputed facts there was no probable cause. On the question of damages the evidence struck out was of no importance. With the disgraceful narrative fresh in their minds of the special agent's disregard of the promises, in reliance on which plaintiff had voluntarily crossed from the United States into Canada—a breach of faith induced by instruction from defendant's headquarters—and the account of the incidents of the journey from Toronto to Winipeg, the jurors' minds were too full of more important matters to give any attention to Phillipps' statement that plaintiff had been snippy to him.

[3, 4] 3. As to alleged errors in the charge as to measure of damages:

A. The proposition that there could be no damages found for injury to reputation without specific proof of loss is without merit, when one reads the narrative of the treatment to which plaintiff was subjected for 2,400 miles of travel in a public railroad coach.

B. That plaintiff's nervous system was shocked by what took place was alleged in the complaint. The evidence objected to tended to show that he was a changed man after his sad experience. The inference that the change was due to the experience was a perfectly legitimate one for the jury to draw. He certainly would have possessed a tougher hide and blunter susceptibilities than the average man, if he had gone through that seven times heated furnace without being singed.

The judgment is affirmed.