UNITED STATES v. ONE AUTOMOBILE et al.

(District Court, D. Montana. November 25, 1916.)

No. 204.

1. INDIANS ⬠35—INDIAN COUNTRY—INTRODUCTION OF LIQUOR—FORFEITURE OF CONVEYANCE.

Rev. St. § 2140 (Comp. St. 1913, § 4141), provides that, if any white person or Indian is suspected of introducing intoxicating liquor into the Indian country, the boats, stores, packages, wagons, sleds, etc., of such person may be searched, and if any liquor is found therein, the same, together with the boats, teams, wagons, and sleds conveying the same, shall be forfeited. An Indian, who was given possession of a motorcar under a conditional contract of sale, used the machine for the purpose of introducing intoxicating liquor into Indian country. *Held*, that only his interest in the car could be forfeited; the vendor having given possession for no evil purpose, and the provisions for forfeiture not being directed against the means used in violating the law, but against the owner of the means.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 61, 62; Dec. Dig. ⬠35.]

2. INDIANS ⬠35—INDIAN COUNTRY—INTRODUCTION OF LIQUOR INTO—"WAGON."

Under such statute, the word "wagon" does not include an automobile or motorcar, such vehicles having been practically unknown at the time of the enactment of the statute; the word "wagon" indicating a plain wheeled road vehicle moved by animate power.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 61, 62; Dec. Dig. ⬠35.

For other definitions, see Words and Phrases, First and Second Series, Wagon.]

3. STATUTES ⬠181(1)—CONSTRUCTION—INTENT OF LEGISLATURE.

In construing a statute, the purpose of statutory construction is to ascertain the intent of Congress from the language used.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 259; Dec. Dig. ⬠181(1).]

At Law. Proceeding by the United States against Joseph Pablo for the forfeiture of one automobile, in which Floyd J. Logan intervened, claiming the motorcar. Libel dismissed.

B. K. Wheeler, U. S. Atty., of Butte, Mont., and Homer G. Murphy, Asst. U. S. Atty., of Helena, Mont.

A. Besancon, of Missoula, Mont., and John P. Swee, of Ronan, Mont., for libelee.

Floyd J. Logan, of Tacoma, Wash., in pro per.

BOURQUIN, District Judge. The information alleges defendant Pablo in the defendant automobile introduced whisky into the Indian country, and prays forfeiture. Pablo denies the introduction, and pleads, as does intervener Logan, that his only right to said automobile is that of conditional vendee, title to remain in the vendor, Logan, until payment, not yet made.

⬠For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] It appears Pablo was and is an Indian ward of the United States, and, resident in the Indian country at all times material herein, in said automobile did introduce whisky into the Indian country, and at the time of introduction possessed said automobile by virtue of the conditional sale alleged. It also appears Logan had no knowledge that Pablo intended to use the automobile unlawfully as aforesaid, and the evidence is not sufficient to charge Logan with notice or negligence from which acquiescence in the unlawful use could be inferred. Since issue joined, Pablo's mother, who signed the contract of conditional sale with him, has paid Logan in full.

Section 2140, R. S., provides that if any white person or Indian is suspected of introducing intoxicating liquor into the Indian country, "the boats, stores, packages, wagons, sleds, and places of deposit of such person" may be searched, "and if any such liquor is found therein, the same, together with the boats, teams, wagons, and sleds used in conveying the same, and also the goods, packages, and peltries of such person," shall be forfeited.

For reasons set out in this courts' decision in U. S. v. Whisky (D. C.) 213 Fed. 986, it is believed that no more than Pablo's interest in the automobile at the time when forfeiture was incurred, could be forfeited, if the vehicle is within the statute. And see The Calypso, 230 Fed. 962, 145 C. C. A. 108. Even though Logan voluntarily delivered the automobile into Pablo's possession, it was lawfully done and not for evil purposes; and, however it may be in laws to protect the revenue, it is not believed this law for other purposes intends forfeiture of property diverted and used in the law's violation, the owner innocent thereof.

[2, 3] Furthermore, it is also believed an automobile is not within the statute. It is neither a boat, team, wagon, nor sled, enumerated by the statute. While "wagon" is to some extent a generic term, more especially of recent years and in municipal legislation (for genera are largely of opinion, more or less fluctuating), in 1864, when the statute was enacted, the word in both popular and technical sense denoted one of the most ancient conveyances—a plain and simple wheeled road vehicle moved by animate power. Then and since, Congress often differentiated it from carts, carriages, and vehicles, demonstrating "wagon" was not intended to import even all wheeled road vehicles of animate power. Motor vehicles were practically unknown in 1864. Though steam had been experimentally used in road vehicles as early as the last quarter of the eighteenth century, it was not until great improvements in steel making and working and in tools, the invention of the gas engine and its adaptation to liquid fuel, in the '70's and '80's, that motor road vehicles were recognized practical; and it was yet later that the automobile was developed to a degree that, while it is a tremendous and valuable industry, it is also an incentive to great public and private extravagance and debt, too largely owned more or less conditionally by those not more than six lengths ahead of the wolf, infesting the public streets, contemptuous of the rights of pedestrians, like Jehu driving furiously—a rare combination of luxury, necessity, and

waste. In their involved and complicated structure and propulsive force, they are the antipodes of wagons. Hence it seems clear that in 1864, in this statute, Congress did not intend "wagon" to import a genus, and which will embrace as a subsequently created species thereof, the automobile. The word "teams," in the statute, further indicates this.

It is not enough that the mischief is the same, whether whisky be introduced into the Indian country in wagons or automobiles. The deciding factor is the intent of Congress, to be ascertained, not from the mischief, but from the language by Congress used. See U. S. v. Sheldon, 2 Wheat. 120, 4 L. Ed. 199.

The libel is dismissed.