### UNITED STATES v. ONE PAIGE AUTOMOBILE et al.

(District Court, S. D. Texas, at Galveston. January 7, 1922.)

No. 690.

1. Customs duties ⊚⟼130—Intoxicating liquors ⊚⟼245—Proceedings to forfeit vehicles used in importing liquor must be brought under National Prohibition Act instead of under customs laws.

Proceedings to forfeit vehicles used in the importation of liquor must be brought under the National Prohibition Act, § 26, protecting a bona fide lienor, and cannot be brought under the customs laws, permitting judgment of forfeiture invalidating bona fide lien; the National Prohibition Act having superseded the customs laws prohibiting the importation of liquor.

2. Customs duties ⊚⟼130—Intoxicating liquors ⊚⟼251—Vehicles used in importation of liquor cannot be forfeited under customs laws for violation thereof in importation of bottles containing the liquor; lienors protected regardless of illegal importation.

Vehicles used in importation of liquor cannot be forfeited under the customs laws, permitting judgment of forfeiture invalidating bona fide lien, instead of under National Prohibition Act, § 26, protecting bona fide lienor, on the theory that there was direct violation of the customs laws in regard to the importation of the glass bottles containing the liquor, since the transaction cannot be split into separate parts so as to create two crimes, and since the Prohibition Act protects bona fide lienors regardless of the containers in which the liquor being imported is carried.

⊚⟼For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Libel by the United States against one Paige automobile, one lot of intoxicating liquor, sixty-two glass bottles, one skiff, and two pistols. Judgment forfeiting and condemning the vehicles, and establishing as valid a lien asserted against the automobile.

D. A. Simmons, Asst. U. S. Atty., of Houston, Tex.

HUTCHESON, District Judge. This case is a libel filed by the government to forfeit an automobile, liquor, and the bottles in which the liquor was contained, the skiff which transported them, and the pistols which were found in and about the skiff or on the persons of those concerned with the liquor. A conviction was had, and, there being no sufficient cause shown to the contrary by the owner of the vehicles, a judgment was entered in accordance with section 26 of title 2 of the Volstead Act (41 Stat. 315), forfeiting and condemning the vehicles, and establishing as valid a lien asserted against the automobile.

To the entry of this judgment the government objected on the ground that they had prosecuted the defendant under the customs laws (38 Stat. 114) for the violation of those laws, both as to the importation of the liquor and the bottles which contained the liquor, and that under the established law, beginning with United States v. One Black Horse (D. C.) 129 Fed. 167, and United States v. One Black Horse (D. C.) 147 Fed. 770, a lienholder was not protected against forfeiture.

Briefs were invited from the district attorney and the claimant of the lien, and the district attorney filed a very interesting and able brief, presenting his side of the contention. No briefs have been received from the claimant.

The position of the district attorney is briefly stated: (1) The National Prohibition Act, in prohibiting the importation of liquor except under the regulations provided for in said act, is not inconsistent with the provisions of the customs laws which require that goods be unladen and inspected, and that, since the government in this case expressly proceeded under the customs laws as well as the prohibition laws, they have a right to insist upon the forfeiture under either law applicable, and that, since under the construction given the customs laws a lienor, even though bona fide, is not protected, the government is entitled to a judgment of forfeiture invalidating the lien, though it is a bona fide one.

They say further that, even if, as to the importation of the liquor itself, it be held that the National Prohibition Act has superseded the customs laws prohibiting its importation, there was a direct violation of the customs laws in this case in regard to the importation of the glass bottles, which are themselves dutiable, and that the National Prohibition Law contains no provision which could in any manner be construed as inconsistent with the customs laws as to dutiable glass bottles.

[1] As to the first position of the district attorney, that the customs laws prohibiting the importation of liquor are still in force, and that prosecutions are still maintainable under those laws, this court is firmly fixed in the view heretofore expressed in other cases that the National Prohibition Law has undertaken to occupy the entire field of

liquor regulations as to liquor importations; that it expressly forbids, except upon regulations established under its authority, the importation of any kind of liquor; that it has for the violation of the act a comprehensive provision for penalties; and that prosecutions for liquor importation must be brought under its provisions.

I am further of the opinion that section 26 of the Prohibition Act expressly and comprehensively provides for the assertion and establishment of the bona fides of a lien, and makes the provision:

"When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, * * * he shall take possession of the vehicle * * * and shall arrest any person in charge thereof"

—and thereafter provides for the proof, establishment, and protection of any bona fide lien created against said vehicle without the lienor having any notice that the carrying vehicle was being used or was to be used for the illegal transportation of liquor; it undertakes to comprehensively provide for the assertion and establishment of bona fide liens upon vehicles by whomsoever seized and for the protection of that lien against destruction when those bona fides have been established, and I am of the opinion that this protection has been in such plain and unmistakable language conferred by Congress as that to attempt to apply against a bona fide lienor the old judicial theory of the destruction of his lien which by judicial interpretation of the customs laws under those laws existed would be by inexcusable judicial legislation to set aside the plain, legislative will of Congress in order to bring about an effect which Congress has, by express terms, stated shall not arise under the enforcement of the liquor laws.

[2] Nor does the government strengthen its position by its effort to split the single offense of carrying liquor in a vehicle into two offenses, so as to afford two grounds of seizure, resting one upon the seizure of the liquor itself, and the other upon the seizure of the bottles in which the liquor was contained, for: (1) The splitting of a single transaction into separate parts so as to create two crimes, where only one exists, is not permitted in law, except under special and peculiar circumstances, as to the existence of which in this case, there is in my mind grave doubt; and (2) a complete and comprehensive answer to the government's position is that section 26 of the Prohibition Act, applicable to the seizure of vehicles for the transportation of liquor, provides for the complete protection of the lien, if bona fide, irrespective of the containers in which the liquor is carried, and for the court to deny the protection to the lien which section 26 extends to it because of the fact that the liquor was carried in bottles would be for the court to read into the statute conferring the right upon the lienor an exception which the statute does not even remotely contain.

It is therefore my opinion, and it will be so ordered, that the judgment of the court as entered be adhered to, and that judgment should be entered forfeiting the liquor and the vehicles, with the protection afforded the lienor as to his lien in the form and manner provided by statute.