## UNITED STATES v. 385 BARRELS, etc., OF WINE.

(District Court, S. D. New York.   June 5, 1924.)

**1. Intoxicating liquors ☞250—Libel for forfeiture held sufficient.**

A libel for forfeiture of wine, under National Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), which alleged that the liquors "were at the time and place aforesaid used and intended for use in the manufacture, sale, * * * of intoxicating liquor for beverage purposes," *held* sufficiently specific.

**2. Intoxicating liquors ☞250—Libel for forfeiture may join causes of forfeiture, under National Prohibition Act and internal revenue statutes.**

A libel for forfeiture of liquors may join causes of forfeiture under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) and under Rev. St. § 3450 (Comp. St. § 6352).

**3. Judgment ☞559—Suit for forfeiture held not barred by previous conviction of claimant.**

The provision of Act Nov. 23, 1921, § 5 (Comp. St. Ann. Supp. 1923, § 10138⅘c), that if any act is a violation of other laws relating to liquor, and also of the Prohibition Act, a conviction for such act under one shall bar prosecution under the other, does not bar a suit for forfeiture of liquor, under Rev. St. § 3450 (Comp. St. § 6352), for attempted fraud on the revenue, because of the prior conviction of the claimant under Prohibition Act for unlawful possession of the liquor.

Forfeiture Libel.   Proceeding by the United States for forfeiture of 385 barrels, containing 50 gallons of wine each; Domenico Dumbra and Fortunato Chiapparone, claimants.   On exceptions to libel.   Overruled.

William Hayward, U. S. Atty., and Francis A. McGurk, Asst. U. S. Atty., both of New York City, for libelant.

Charles F. Murphy, of New York City, for claimants.

AUGUSTUS N. HAND, District Judge.   The libel contains three causes of action:  First, for forfeiture under the provisions of the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.); second, for forfeiture under the provisions of section 3450 of the Revised Statutes (Comp. St. § 6352); third, for forfeiture under the provisions of section 3453 of the Revised Statutes (Comp. St. § 6355).

[1] The claimants except to the first cause of action on the ground that the libel fails to state facts sufficient to constitute a cause of forfeiture.   Their contention is that the allegation of the libel to the effect that the intoxicating liquors "were at the time and place aforesaid used and intended for use in the manufacture, sale, barter, etc., of intoxicating liquors for beverage purposes," does not state facts, but merely contains a legal conclusion.   This is too technical a treatment of a pleading in a civil suit.   The decision of Judge Ervin in United States v. Horton (D. C.) 282 Fed. 731, related to a criminal prosecution.   Here the words of the statute are substantially followed, and while the libel does not state who had or possessed the liquor, it is alleged that the offending thing was "used and intended for use in the manufacture, sale, * * * for beverage purposes," in violation of the Act.   Any further information that may be held necessary may be applied for by motion for a bill of particulars.

The exceptions to the second cause of action are:

[2] (a) For improperly joining in the same libel causes of forfeiture for violation of the Volstead Act and of section 3450. I am referred to no authority in support of this exception, and in the case of United States v. The Henry L. Marshall, 292 Fed. 486, there seems to have been a similar joinder. While the particular point now urged does not appear to have been raised in that case, a decision by the District Court, affirmed by a unanimous Circuit Court of Appeals, is at least a warrant for the practice.

[3] (b) For instituting a forfeiture proceeding under section 3450 in a case where one of the claimants had been convicted in this court under the National Prohibition Act. This exception raises the point that the libel under section 3450 is for the same act as the criminal prosecution of Dumbra. In the first place, the prior conviction of Dumbra, if a defense, should be pleaded, and not raised as an exception to the libel. Aside from this, the provision of section 5 of the Act of November 23, 1921 (Comp. St. Ann. Supp. 1923, § 10138⅘c et seq.), does not seem to be applicable.

Section 3450 (as also section 3453, embraced in the third count) relates to frauds upon the revenue laws for the purpose of evasion of taxes. The clause of section 5 of the Act of November 23, 1921 (Comp. St. Ann. Supp. 1923, § 10138⅘c), reads as follows:

"* * * But if any act is a violation of any of such laws and also of the National Prohibition Act or of this act, a conviction for such act or offense under one shall be a bar to prosecution therefor under the other."

If this clause relates to anything more than two criminal prosecutions, it does not in any event cover a case where the act prohibited is in the one case the possession of liquor for beverage purposes, and in the other for the purpose of avoiding the payment of Internal Revenue taxes.

The exceptions to the third cause of action are similar to those urged in the case of the second.

The exceptions are overruled.