## UNITED STATES v. ONE LINCOLN TOURING CAR.

(District Court, N. D. New York. September 1, 1925.)

1. **Customs duties** ⬅130—Automobile, loaned owner's daughter, and by her to another, who used it for smuggling liquor, held subject to forfeiture (Rev. St. §§ 3061, 3062, 3450 [Comp. St. §§ 5763, 5764, 6352]; Tariff Act 1922, §§ 593, 594 [Comp. St. Ann. Supp. 1923, §§ 5841h12-5841h14]).

Automobile, loaned by owner to his daughter, and by her to person unknown to him, from whom it was seized for smuggling liquor into country, *held* subject to forfeiture under Rev. St. §§ 3061, 3062 (Comp. St. §§ 5763, 5764), and Tariff Act 1922, §§ 593, 594 (Comp. St. Ann. Supp. 1923, §§ 5841h12-5841h14), whether facts bring case within section 3450 (Comp. St. § 6352), under which libel was also brought, or not.

2. **Customs duties** ⬅133.

Causes of forfeiture under different statutes may be joined in same libel.

3. **Customs duties** ⬅133.

Owner's innocence is no defense against forfeiture of automobile, under Rev. St. §§ 3061, 3062 (Comp. St. §§ 5763, 5764), Tariff Act of 1922, §§ 593, 594 (Comp. St. Ann. Supp. 1923, §§ 5841h12-5841h14), and similar statutes, for smuggling liquor in view of Willis-Campbell Act Nov. 23, 1921.

4. **Customs duties** ⬅130.

Rev. St. §§ 3061, 3062 (Comp. St. §§ 5763, 5764), and Tariff Act 1922, §§ 593, 594 (Comp. St. Ann. Supp. 1923, §§ 5841h14), authorizing forfeiture of vehicle used for smuggling liquor into country, without regard to owner's innocence, are not inconsistent with National Prohibition Act, title 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm).

Libel in Rem. Proceeding by the United States against One Lincoln Touring Car, James Bennett, claimant. On motion to strike out answer and for judgment for the United States on the pleadings. Motion granted.

Oliver D. Burden, U. S. Atty., and B. Fitch Tompkins, Asst. U. S. Atty., both of Syracuse, N. Y.

M. E. Silverstein, of Detroit, Mich., and I. M. Freiberg, of Syracuse, N. Y., for claimant.

COOPER, District Judge. This is a libel against one Lincoln touring car and the intoxicating liquor contained therein under sections 3061, 3062, of the Revised Statutes (Comp. St. §§ 5763, 5764), sections 593, 594, of the Tariff Act of 1922 (Comp. St. Ann. Supp. 1923, §§ 5841h12–5841h14), and section 3450 of the Revised Statutes (Comp St. § 6352). The question here relates to the automobile.

The facts as alleged in the libel are:

That the Lincoln car in suit and various assorted imported liquors contained therein were seized by officers on November 18, 1924, at, or near, Philadelphia, N. Y., and thereafter delivered to the collector of customs; that the liquors were secretly, fraudulently, and knowingly imported and brought into the United States from Canada in this automobile by one Harold Perry, without declaring same, and without payment of the duty provided for in the customs laws; that Perry concealed and transported these liquors in this automobile after such importation, knowing the same had been thus imported contrary to the Customs Law.

James Bennett, the claimant, residing in Detroit, Mich., filed his bond and answer in the libel proceeding, in which he did not deny the facts above stated, but set up as an affirmative defense these facts: That he bought the automobile in Detroit, Mich., in June, 1924, and in October, 1924, loaned it to his daughter, who took it to Buffalo; that she was to have the use of the car and return it upon demand; that the car was, without his knowledge or consent, loaned by claimant's daughter to a person unknown to him, from whom it was seized by officers for the illegal transportation of liquor.

The United States attorney moves to strike out the answer and for judgment for the United States on the pleadings.

The allegations of fact in both the libel and the answer are thus to be taken as true, and on the motion the parties agreed that the facts as alleged in the bill of complaint and answer were to be taken as true, and that the only issue was one of law.

[1] Whether the facts bring the case under section 3450 of the Revised Statutes is not here considered, as the libel is also brought under sections 3061, 3062, Revised Statutes, and sections 593 and 594 of the Tariff Act of 1922, and the admitted facts bring the case squarely within these sections.

[2] Joinder in the same libel of causes of forfeiture under different statutes is permissible. U. S. v. 365 Barrels of Wine (D. C.) 300 F. 565.

Before the enactment of the Willis-Campbell Act of November 23, 1921 (42 Stat. 222), the respondent might have prevailed, but, since the enactment of that act, it must be held that sections 3061 and 3062 of the Revised Statutes and sections 593 and 594 of the Tariff Act of 1922 are in effect. U. S. v. Stafoff, 43 S. Ct. 197, 260 U. S. 477, 67 L. Ed. 358.

[3] In cases of forfeiture under the same and similar statutes the innocence of the owner is no defense. U. S. v. One Black Horse (D. C.) 129 F. 167; U. S. v. One Black Horse (D. C.) 147 F. 770; U. S. v. Rembert (D. C.) 284 F. 996, 1004; Goldsmith-Grant v. U. S., 41 S. Ct. 189, 254 U. S. 505, 65 L. Ed. 376.

The Goldsmith Case reserves opinion as to whether the forfeiture provisions extend to property "stolen from the owner or otherwise taken from him without his privity or consent."

The only case since the Goldsmith decision supporting claimant's contention to which this court has been referred, where an analogous state of facts exists, is the case of U. S. v. One Reo Speed Wagon (D. C.) 5 F. (2d) 372. In that case a father sent his truck, driven by his son, to a seaboard town with a load of fish, and, after unloading, the son permitted a third person, Russo, to use the truck for the purpose of moving some furniture a short distance. Russo was arrested while driving the truck loaded with smuggled liquor. The District Court of Massachusetts held that the truck seized under such circumstances could not be forfeited under sections 3061 and 3062 of the Revised Statutes.

The District Court apparently felt that, in view of the decision of the United States Supreme Court in the Goldsmith Case, sections 3061 and 3062 must be construed to exclude vehicles *used* without the consent or privity of an innocent owner, and that the act of the son in loaning the car could not be found within the scope of his express or implied authority as agent for his father. This would seem to extend the words of the reservation in the opinion in the Goldsmith Case beyond their meaning and intent. Nothing is said, and apparently nothing is intended to be said, in the reservation of opinion in the Goldsmith Case about property *used* without the privity or consent of the owner.

The court reserved expression of opinion only in case of property "stolen from the owner or otherwise *taken* from him *without* his privity or consent." "Otherwise taken"

would include vehicles taken by mistake for the taker's own vehicle, or delivered by mistake by a vendor or a bailee such as a garage keeper or repair man. The court's reservation would include any *taking,* criminal, tortious, mistaken, or other, which was *without* the privity or consent of the owner, but it was not intended to include vehicles *taken with* the privity or consent of the owner, and thereafter *used without* the privity or consent of such owner either by the taker or by one obtaining it from the taker, whom we shall call herein the subtaker, for some purpose claimed to be outside the scope of the authority of the taker.

The only substantial difference between the facts in the Goldsmith Case, on the one hand, and the facts in Reo Speed Wagon Case, and in the case at bar on the other hand, is that the illegal *use* was by the taker in the Goldsmith Case and by the subtaker in the Reo Speed Wagon Case and the case at bar. The *taking* in all three cases was *with* the consent of the owner.

To hold that a vehicle will be forfeited under sections 3061 and 3062, if used by the taker for smuggling, but not if so used by the subtaker, is out of harmony with the doctrine re-affirmed in the Goldsmith Case that "the thing is primarily considered the offender." Such holding would tend to make the guilt run to the person rather than to the thing.

The intent of the statute, as construed in Goldsmith-Grant, supra, is that the vehicle shall be forfeited when used for smuggling dutiable goods or knowingly concealing or transporting such smuggled goods without regard to the innocence of the true owner or lienor who has voluntarily parted with possession of the vehicle. This leaves such owner or lienor to look to his bailee or debtor for redress, or to apply to the proper officers of the government for remission of forfeiture. The claims of innocent owners and lienors are not preserved as in title 2, section 26, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½mm).

The Reo Speed Wagon Case is not controlling here. No other cases urged as supporting claimant's view relate to sections 3061 and 3062 of the Revised Statutes, or are in point. Cases since the Goldsmith Case supporting the view that vehicles used in smuggling are forfeitable, regardless of the innocence of the true owner, are: U. S. v. One Buick Automobile (D. C.) (3d Case) 300 F. 584, 589; U. S. v. One Durant Touring Car (D. C.) 2 F.(2d) 479.

[4] It may be said also that there is no inconsistency between these sections of the Tariff Act of 1922, R. S. §§ 3061, and 3062, and title 2, section 26, of the National Prohibition Act.

The motion of the government for forfeiture under the Tariff Act is granted, and the decree may be entered, with costs.