## UNITED STATES v. ONE CADILLAC TOWN AUTOMOBILE.

### No. 13144.

District Court, W. D. Washington, N. D.
Jan. 16, 1932.

Anthony Savage, U. S. Atty., and Tom De Wolfe, Asst. U. S. Atty., both of Seattle, Wash.

John J. Sullivan and Everett O. Butts, both of Seattle, Wash., for respondent.

NETERER, District Judge.

The government seeks forfeiture of the automobile in issue under the Tariff Act. title 19, USCA, §§ 275, 276, also sections 482 and 483. Section 482 grants the power of search; section 483 provides forfeiture of automobile, etc., used in conveying narcotics, etc., and, likewise, penalty for driver to refuse to stop for search and examination, etc. The seizure in issue was made by the Collector of Customs in harmony with section 605, Tariff Act 1930 (19 USCA § 1605), and the automobile is in his custody. The narcotic in issue is prohibited from importation. Section 179, title 21, USCA. And possession being shown, it is presumed to have been unlawfully imported. Section 181, title 21, USCA.

Forfeiture is of a civil nature. Dobbin, etc., v. United States, 96 U. S. 395, 24 L. Ed. 637. The owner of the car and the car may be guilty of the offense of importation of the same narcotic. To convict the driver, he must have notice of the use of the car for the transportation, or have the drug on his person, and the presumption is against him when possession is shown in him, or on the car in his possession, and he must explain when the drug is found in his possession or on the car. The presumption against the car is practically conclusive (no statute or status suggest an exception). The car is inanimate, and intelligent contact is impossible, except by legal fiction, which imputed notice to the car by notice to the driver, the operating agent, or the owner. Possession requires two things: (1) Apprehension; taking (2) with intent to possess. Taking possession, being the object within the sphere of the will, the personality is extended over the thing. Holmes, Common Law, 207. Justice Holmes says, in substance, possession is presumptive ownership, a conception only less important than contract.

The car has a personality and is liable for its torts. Krauss Bros. Lbr. Co. v. Dimon S. S. Corp. (D. C.) 53 F.(2d) 492, 1931 A. M.C. 1775. While that was an admiralty action, by the same token the principle applies. The merchandise not reported: Three and one-half ounces smoking opium, 5 codein tablets, one 5-grain veronal tablet, one vial strichnine-sulphate tablets, 2 ounces laudanum, 1 ounce paregoric, and were on the person of the wife of the claimant, John Thill. He says he was in charge of the car, and that the merchandise was obtained for the personal and private use of the wife, but without his knowledge. It is shown that claimant knew that his wife was an addict, and stated to the arresting officer that he was willing to assume responsibility.

The crime cannot be assumed by Thill, otherwise innocent. The wife, the husband, and the car have each a distinct entity. The husband and wife have a community entity. The car was owned by Thill, and the wife as such had a community interest therein. In the instant case, the husband, wife, and car constituted a distinct entity. The husband, as part owner and driver, is responsible for the car, and the car for the act of his wife, and the relation of husband to the car and the car to the wife created a conception, presumption, under the revenue laws (Tariff Act), for which the car was properly arrested.

This case is clearly distinguished from U. S. v. One 1920 Premier Automobile (C. C. A.) 297 F. 1007. That case was tried before the writer and affirmed by the Court of Appeals, and was a proceeding under section 3450, Rev. St. (26 USCA §§ 1181, 1182); the instant case is under the Tariff Act. Section 276, title 19, USCA, provides: " * * * If any merchandise is * * * brought into the United States * * * without being so reported to the collector * * * such merchandise and * * * vehicle shall be subject to forfeiture and * * * the person in charge of such vehicle shall be liable to a penalty equal to the value of the merchandise * * * was not reported to the collector or included in the manifest." Act September 21, 1922.

Section 482, title 19, USCA, provides: " * * * If any such officer * * * shall find any merchandise on or about any such vehicle * * * súbject to duty * * * whether by the person in possession or charge, or by, in, or upon such vehicle * * * he shall seize and secure the same for trial."

Section 483, title 19, USCA: " * * * Every such vehicle * * * shall be subject

to seizure and forfeiture. * * *" See, also, section 275, title 19, USCA; Goldsmith, Jr.-Grant Co. v. United States, 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376; United States v. One Black Horse (D. C.) 129 F. 167; United States v. One Black Horse (D. C.) 147 F. 770; United States v. One Buick Automobile (D. C.) 300 F. 584; United States v. One Lincoln Touring Car (D. C.) 11 F.(2d) 551. These laws should be liberally construed, even though forfeiture follows. United States v. Ryan, 284 U. S. —, 52 S. Ct. 65, 76 L. Ed. — (October Term, 1931). Determination of equities are for Secretary of the Treasury. Section 532, title 19, USCA.

Decree of forfeiture accordingly.