### UNITED STATES v. ONE SEVEN-PASSENGER PAIGE CAR.

(District Court, E. D. Oklahoma.   April 15, 1919.)

No. 2966.

INDIANS ☞35—INTRODUCTION OF LIQUOR INTO INDIAN COUNTRY—FORFEITURE OF VEHICLE.

Provision of Indian Appropriation Act March 2, 1917, § 1 (Comp. St. 1918, § 4141a), that automobiles used in introducing intoxicants into Indian country in violation of law, whether used by the owner or other person, shall be subject to forfeiture provided by Rev. St. § 2140 (Comp. St. § 4141), applies to interest of mortgagee, though machine is used contrary to provision of mortgage.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

'At Law. Proceeding by the United States for the forfeiture of one seven-passenger Paige car. On demurrer to portions of the interplea of L. N. Jerome. Demurrer sustained.

Cliff V. Peery, Asst. U. S. Atty., of Muskogee, Okl., for the United States.

James H. Wolverton, of Tulsa, Okl., for intervener.

WILLIAMS, District Judge. A plea of intervention, setting up· a claim of special ownership and right to the immediate possession of the seven-passenger Paige car seized and sought to be confiscated on account of a violation of a certain provision in the Indian Appropriation Act approved March 2, 1917 (39 Stat. 970, c. 146, § 1 [Comp. St. 1918, § 4141a]), is here for consideration.

By section 2140 of the Revised Statutes of the United States, as amended by Act March 1, 1907, c. 2285, 34 Stat. 1017 (Compiled Statutes 1916, §§ 4141, 4142), it was made the duty of "any person in the service of the United States, or of any Indian, to take and destroy any ardent spirits or wine. found in the Indian country, except such as may be introduced therein by the War Department," regardless of ownership. At the same time every, "superintendent of Indian affairs, Indian agent, or subagent, or commanding officer of a military post," where he "has reason to suspect or is informed that any white person or Indian is about to introduce or has introduced any spirituous liquors or wine into the Indian country in violation of law," was required to "cause the boats, stores, packages, wagons, sleds, and places of deposit *of such person* [italics mine] to be searched; and if any such liquor is found therein, the same, together with the boats, teams, wagons, and sleds used in conveying the same, and also the goods, packages, and peltries *of such person* [italics mine], shall be seized and delivered to the proper officer, and shall be proceeded against by libel in the proper court, and forfeited. * * *"

Under this statute it has been held in effect that a valid chattel mortgage held by an innocent party on an automobile in the possession of the mortgagor and being used by him as a conveyance in introducing or attempting to introduce intoxicants into the Indian country, or where the introduction is prohibited by treaty or federal statute, vested such interest in the mortgagee as was not forfeited, and further that the automobile was not a vehicle or conveyance within the terms "boats, teams, wagons and sleds used in conveying the same." Shawnee National Bank v. United States, 249 Fed. 583, 161 C. C. A. 509.

The Congress, on March 2, 1917, enacted the following provision (Indian Appropriation Act, 39 Stat. L. 970 [Comp. St. 1918, § 4141a]):

"That automobiles or any other vehicles or conveyances used in introducing, or attempting to introduce, intoxicants into the Indian country, or where the introduction is prohibited by treaty or federal statute, *whether used by the owner thereof or other person* [italics mine], shall be subject to the seizure, libel, and forfeiture provided in section twenty-one hundred and forty of the Revised Statutes of the United States."

In Shawnee National Bank v. United States, supra, the court in passing on a libel begun before the passage of the act of March 2, 1917, referred to said provision in hæc verba:

"The enactment of this law by Congress was a legislative declaration that in the opinion of Congress section 2140, as it read when the seizure in this case was made, did not authorize the seizure and forfeiture of any of the articles mentioned in section 2140, except those owned by the guilty party."

Libelant contends that this is a proceeding in rem, and that the guilty thing is the offender, and that this is to be forfeited irrespective of intervening lienholders. The mortgage stipulates that the mortgagor shall not remove or permit the removal of said property from the county of Oklahoma, and that said mortgagor shall not secretly run off, remove, or conceal, nor attempt to run off, remove or conceal, any of said property, nor permit such an act to be done, and in case said mortgagor shall violate or commit a breach of any of said conditions the mortgagee may declare the mortgage debt due and immediately take possession. It will here be taken as true that the automobile was taken out of Oklahoma county and into the Eastern district of Oklahoma without the consent or connivance of the mortgagee. However, this is no barrier to forfeiture if the statute imposes it. The statute being highly penal, and not in aider of the revenues, it must be strictly construed, and doubts resolved in favor of those against whom it is invoked. No person or case will be held within its terms unless clearly within its letter and legislative intent. A search of the Congressional Record discloses that said provision of the Indian Appropriation Act of March 2, 1917, was offered after the bill had passed the House and was being considered by the Senate in committee of the whole. On page 2052, volume 54, of the Congressional Record, it appears that the fifth amendment thereto was to insert on page 4, line 13, after $150,000," the following:

"Provided, that automobiles or any other vehicles or conveyances used in introducing intoxicants *into the Indian country in violation of law*, whether *used by the owner thereof or other person*, shall be subject to the seizure, libel, and forfeiture provided in section 2140 of the Revised Statutes of the United States."

The bill as thus amended went to conference (pages 2931 and 2970, volume 54), and the first report provided that, in lieu of Senate Amendment No. 5 (which was the amendment quoted above), the following amendment be inserted:

"Provided, that automobiles or any other vehicles or conveyances used in introducing, or attempting to introduce, intoxicants *into the Indian country, where the introduction is prohibited by treaty or federal statute*, whether *used by the owner thereof* or *other person*, shall be subject to the seizure, libel, and forfeiture provided in section 2140 of the Revised Statutes of the United States."

This report was again referred for conference. In the second conference report (pages 3808 and 3811, volume 54) it was provided that in lieu of Senate Amendment No. 5, which has heretofore been set out, the following amendment be substituted:

"Provided, that automobiles or any other vehicles or conveyances used in introducing, or attempting to introduce, intoxicants into the Indian country, *or* where the introduction is prohibited by treaty or federal statute, whether used by the owner thereof or other person, shall be subject to the seizure, libel,

and forfeiture provided in section 2140 of the Revised Statutes of the United States."

The development of this legislation indicates that this provision was enacted with especial reference to conditions existing in Eastern Oklahoma. The introduction of intoxicating liquors from without the state into that part which was formerly Indian Territory being prohibited by act of Congress, and the manufacture, sale, and transportation of such liquors between points within the state being also prohibited by provision of the state Constitution, the rapid growth of cities and industrial and mining centers and general increase in population in said part of the state necessitated the utmost vigilance, fidelity, and efficiency among law enforcers. When section 2140 was first enacted in 1864, the usual mode of travel through the Indian country, frontier settlements, and remote regions was by means of stagecoach, freight wagon, steamboat, and sled. The carrying in such conveyance of intoxicating liquors by a passenger without the consent of its owner then did not work a forfeiture of the conveyance. With the coming of the automobile and its full development different conditions arose. Transportation by express or railroad being practically closed by law and the vigilance of the officers, the introducer and the illicit handler of intoxicants resorted to the automobile as an easy facility for carrying on such prohibited introduction and illicit traffic. If such law violators may encumber such automobiles so as to minimize the actual investment of such introducer the financial hazard of the business is thus reduced. Hence the reason for the terms of the act to include not only automobiles but also to exclude the innocent lienholder from any protection in such forfeiture. See, also, Oklahoma Session Laws 1917, chapter 188; United States v. Birdsall, 233 U. S. 223, 34 Sup. Ct. 512, 58 L. Ed. 930.

It appears to have been the intention of Congress that automobiles or any other vehicle or conveyance used in introducing or attempting to introduce intoxicants into the Indian country, or where the introduction is prohibited by treaty or federal statute, should be subject to seizure, libel and forfeiture, without regard to ownership. This identical statute was under consideration by Judge Campbell (United States v. One Buick Roadster Automobile [D. C.] 244 Fed. 961), where a similar conclusion was reached.

I conclude that the automobile is subject to forfeiture, notwithstanding the special interest set up by the intervener by virtue of his mortgage. The demurrer will be sustained.