COMMERCIAL INVESTMENT TRUST v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 30, 1919.)

No. 5301.

1. INDIANS ⬤═35—ACT FORBIDDING INTRODUCTION OF LIQUOR INTO INDIAN TERRITORY NOT REPEALED.

Act March 1, 1895, c. 145, § 8 (Comp. St. 1918, § 4136b), denouncing the offense of introducing intoxicating liquors into Indian Territory, etc., was not, in so far as it pertains to introduction of liquors from a point without the state of Oklahoma into that part of Oklahoma which was formerly Indian Territory, impliedly repealed by Enabling Act June 16, 1906.

2. INDIANS ⬤═35—FORFEITURE OF VEHICLE USED FOR INTRODUCTION OF LIQUOR INTO PART OF OKLAHOMA FORMERLY INDIAN TERRITORY.

Under Act March 2, 1917, c. 146, par. 4, providing that automobiles or any other vehicles or conveyances used in introducing or attempting to introduce intoxicants into the Indian country, or where the introduction is prohibited by treaty or federal statute, whether used by the owner thereof or other persons, shall be subject to forfeiture as provided by Rev. St. § 2140 (Comp. St. § 4141), an automobile used to introduce intoxicating liquor from without into that part of the state of Oklahoma which formerly was Indian Territory, in violation of Act March 1, 1895, c. 145, § 8 (Comp. St. 1918, § 4136b), is subject to forfeiture, even though it was used by one in possession under a conditional sale contract, without the knowledge or consent of one to whom the seller had assigned purchase-money notes and lien; the act of 1917 making the offending vehicle itself subject to forefeiture, and to that extent changing section 2140.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Proceeding by the United States against one Studebaker Six automobile, in which the Commercial Investment Trust, a corporation, filed an interplea claiming the machine. There was judgment condemning the automobile, and claimant brings error. Affirmed.

J. C. Denton, of Muskogee, Okl. (Frank Lee and Paul C. Williams, both of Muskogee, Okl., on the brief), for plaintiff in error.

Cliff V. Peery, Asst. U. S. Atty., of Muskogee, Okl. (W. P. McGinnis, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before CARLAND and STONE, Circuit Judges, and ELLIOTT, District Judge.

ELLIOTT, District Judge. This was a proceeding in the United States District Court for the Eastern District of Oklahoma against one Studebaker Six automobile, under the provisions of paragraph 4 of the Indian Appropriation Act of March 2, 1917, c. 146 (39 Stat. 969, 970), providing:

"Automobiles or any other vehicles or conveyances used in introducing, or attempting to introduce, intoxicants into the Indian country, or where the introduction is prohibited by treaty or federal statute, whether used by the owner thereof or other person, shall be subject to the seizure, libel, and forfeiture provided in section twenty-one hundred and forty of the Revised Statutes of the United States."

The libel was filed, monition issued and served, and the marshal's return duly made. Thereupon the Commercial Investment Trust came in by interplea, and made claim to the automobile in question, and alleged, in substance, that it was the owner of and had a special interest in and to the same, and, further, that one Thomas W. Grubbs purchased the same from one Philbrook and paid $500 as a part of the purchase price, and that Philbrook at the time of the purchase retained a lien on said car to secure the balance of the purchase price, which was evidenced by a conditional sales contract and five promissory notes of even date therewith, in the sum of $87.48 each, copies of which were set forth. It is alleged further that Philbrook thereafter, and before said notes became due, and before he had a legal right to enforce his lien against said automobile, assigned and delivered said contract and notes to this interpleader, together with all of his lien, right, and interest in and to said automobile, and that said interpleader is the owner and holder thereof. It is further alleged by the interpleader that the said automobile was never with its consent or with the consent of its agents or employés, used for the purpose of introducing intoxicating liquor into the Eastern district of Oklahoma, and that if the same was so used by any person or persons, it was so used against the will of interpleader, and that it had never either directly or indirectly caused, procured, or authorized the use of said automobile, either to introduce liquors into said District or to transport the same into the state of Oklahoma, and that it had been guilty of no act authorizing the forfeiture

of the automobile; further, that it was deprived of said automobile without due process of law, in violation of the Fourth and Fifth Amendments to the Constitution of the United States. There were annexed copies of the conditional sales contract, the purchaser's statement, and written assignment, with copies of the notes secured thereby.

Thereupon counsel for the United States demurred to said interplea, and on the 5th day of March, 1918, the court, being duly advised in the premises, sustained the demurrer of the United States. Thereupon the Investment Trust duly waived trial by jury, and the issues were submitted to the court upon an agreed statement of facts filed. Judgment condemning said automobile, and confiscating the same to the United States, and forfeiting the interests of all persons in and to the same was duly entered, and to such judgment exception was properly taken and from which this appeal is prosecuted.

[1, 2] The stipulation supports the allegations of the libel, and the first question presented is the contention of the plaintiff in error that the fourth paragraph of the Indian Appropriation Act, above quoted, does not authorize the seizure, libel, and forfeiture provided in section 2140 of the Revised Statutes of the United States (Comp. St. § 4141) of automobiles, etc., used in introducing intoxicants into what was formerly Indian Territory from without the state of Oklahoma, in violation of section 8 of the Act of March 1, 1895, c. 145, 28 Stat. 693 (Comp. St. 1918, § 4136b), impliedly repealed by the Oklahoma Enabling Act of June 16, 1906.

This contention of the plaintiff in error involves a determination of the meaning of the phrase contained in said fourth paragraph of the act of March 2, 1917, "or where the introduction is prohibited by treaty or federal statute." Does this quoted portion of said paragraph 4 apply to and include that portion of Oklahoma formerly Indian Territory? A determination of whether or not it does include such territory depends upon the consideration of the question as to whether or not the interstate introduction of liquor into that part of Oklahoma formerly Indian Territory is prohibited by treaty or federal statute. If not, then clearly the phrase quoted above would not include the same.

· Section 8 of the act of Congress of March 1, 1895, provides:

"That any person, whether an Indian or otherwise, who shall, in said [Indian] Territory, manufacture, sell, give away, or in any manner, or by any means furnish to any one, either for himself or another, any vinous, malt, or fermented liquors, or any other intoxicating drinks of any kind whatsoever, whether medicated or not, or who shall carry, or in any manner have carried, into said territory any such liquors or drinks, or who shall be interested in such manufacture, sale, giving away, furnishing to any one, or carrying into said territory any of such liquors or drinks, shall, upon conviction thereof, be punished. * * *"

It is contended by counsel for plaintiff in error that this act is impliedly repealed by the Enabling Act of June 16, 1906. The act of 1895, in so far as it pertains to the introduction of liquors from a point without the state of Oklahoma into that part of Oklahoma which was formerly Indian Territory, was not repealed, and is still in force and effect. In re Webb, 225 U. S. 663, 32 Sup. Ct. 769, 56 L. Ed. 1248;

Joplin Mercantile Co. v. United States, 236 U. S. 531, 35 Sup. Ct. 291, 59 L. Ed. 705. This court recently determined, in Ford v. United States, 260 Fed. 657, —— C. C. A. ——, that Congress intended the legislation in question to apply to Oklahoma:

"The history of this legislation, when being passed by Congress, shows that it was intended for such a situation as exists in Oklahoma. 54 Congressional Record, 2052, 2931, 2970, 3808, 3811."

Although it is presented in the interplea, plaintiff in error does not discuss the question as to whether or not the 1917 proviso extends to the property of an innocent person; that is, a person not connected with the act of unlawful introduction. Under old section 2140 of the Revised Statutes only the interest of the offending person was subject to forfeiture. This was manifest by the plain terms of the section itself.

Paragraph 4 of the Act of March 2, 1917, under which this proceeding is brought, contains the following provision: "Whether used by the owner thereof or other person." It is very evident that it was the intent of Congress to extend the power of seizure, libel, and forfeiture beyond the terms of the old section of the statute. This act of Congress authorizes a proceeding against the property so used itself. The offense attaches to the property; the property being the offender, in that it is the means of violating the law. Statutes such as this, and this one in particular, are directed at the means and methods used in the accomplishing of the violation of the statute, and are within the well-recognized jurisdiction and authority of the Congress of the United States.

The trial court rightly held that the statute of 1917 applied to the territory in Oklahoma in question, subjected the automobile involved to forfeiture, and that Congress had the power to enact the statute.

The judgment of the trial court is affirmed.