## UNITED STATES v. ONE CHEVROLET FOUR-DOOR SEDAN AUTOMOBILE (Hoefer et al., Interveners).

### No. 1025.

District Court, N. D. Oklahoma.
June 16, 1930.

John M. Goldesberry, U. S. Dist. Atty., and A. E. Williams, Asst. U. S. Dist. Atty., both of Tulsa, Okl., for plaintiff.

Hargis & Yarbrough, of Pawhuska, Okl., for interveners.

KENNAMER, District Judge.

Complainant, United States of America, seeks by libel to condemn and sell, under the provisions of section 3450 Revised Statutes (26 USCA §§ 1181, 1182), a certain Chevrolet Four-Door sedan automobile, motor number 1,404,108. The automobile was owned by Dave Moody, but an intervention has been filed, setting up a chattel mortgage upon the automobile in which it was mortgaged to secure the payment of $509 with interest, which sum is unpaid.

The admitted facts are that one J. M. Pyle, a special officer under the Interior Department for the suppression of the liquor traffic in the Indian country, seized the automobile in controversy on or about the 26th day of February, 1930, in Osage county, Okl.; that there was stored in the automobile one gallon of illicit whisky, which was untaxed, and upon which no revenue or tax had been paid. Dave Moody, the owner of the automobile, was arrested and convicted of the crime of unlawfully possessing intoxicating liquors in Osage county, Okl., Indian country. At the time of the seizure of the automobile it was parked or standing in front of a residence, and was not in movement. No charge of unlawfully transporting liquor was asserted, and there is no evidence in the case that the whisky had been transported.

In the instant case the libel proceedings have been instituted under section 3450, Revised Statutes (26 USCA §§ 1181, 1182), and not under the National Prohibition Act (section 26, title 2, 41 Stat. 305, 315 [27 USCA § 40]). It is contended that there is an absence of intent to defraud the government of the tax; that the interveners are innocent lienholders, and that their mortgage lien should be prior to the right of the government to libel the automobile. It was admitted that the whisky stored in the automobile was illicit, and that no tax had been paid on it. The whisky was subject by law to a basic production tax, and it will be presumed that the possessor thereof had knowledge that the tax was unpaid. Such was the ruling of the Circuit Court of Appeals of the Eighth Circuit, wherein the same contentions were urged, as counsel for the interveners have

presented herein. The ruling was adverse to the contentions of the interveners. General Motors Acceptance Corporation v. United States et al., 32 F.(2d) 121.

■ Special laws were enacted by Congress prohibiting the introduction and possession of intoxicating liquor in the Indian country long before the adoption of the Eighteenth Amendment to the Constitution or the National Prohibition Act (27 USCA). Osage county, Okl., was specifically included in the Indian country by Act of Congress (39 Stat. 983, § 17, c. 146; title 25 USCA p. 144, § 242). It has been held in a number of cases that the adoption of the National Prohibition Act did not repeal the special acts, and neither did it compel a prosecution under the National Prohibition Act rather than under the special acts, prohibiting the sale, introduction, or possession of intoxicating liquors in the Indian country, as these were special laws passed for the protection of the Indians, dependent wards of the federal government, against the traffic in intoxicating liquors within the Indian country. Some of the cases are, Lucas v. United States (8 C. C. A.) 15 F.(2d) 32; Renfro v. United States (8 C. C. A.) 15 F.(2d) 991; Sharp v. United States (8 C. C. A.) 16 F.(2d) 876; Edwards v. United States (8 C. C. A.) 5 F.(2d) 17.

The United States Supreme Court recently passed upon the subject of the forfeiture of vehicles which were used for the unlawful transportation of intoxicating liquors. Richbourg Motor Company, Intervenor, Petitioner v. United States, and Davies Motors, Inc., Petitioner v. United States, decided at the October term 1929, 50 S. Ct. 385, 74 L. Ed. 1016. It was held that it was the mandatory duty of federal district attorneys to libel and forfeit vehicles under the National Prohibition Act rather than under the revenue statutes, where the vehicle was being used to unlawfully transport intoxicating liquors, and where the prosecution for the unlawful transportation was under the National Prohibition Act. The National Prohibition Act provides for seizure of vehicles used in the unlawful transportation of liquors, but affords protection to all valid liens according to their priority; the revenue measures do not afford

any relief to liens, but work a forfeiture of the vehicle to the prejudice of lienholders. The special acts of Congress regulating the liquor traffic in the Indian country provide for the seizure, libel, and forfeiture of vehicles used for the introduction of intoxicants into the Indian country, and does not afford any aid to lienholders. (Act March 2, 1917, c. 146, § 1, 39 Stat. 970; title 25, sec. 247, USCA p. 150.)

The case so recently decided by the United States Supreme Court, supra, is not applicable to the case at bar, for in the instant case there was no transportation of intoxicating liquors; there was merely a storage of such liquors. Certainly the storage of illicit liquors brings the case under the revenue sections of the federal code. But, if this were a case of the transportation of intoxicating liquors in the Indian country, the automobile could be seized, libeled, and forfeited under the special acts governing the liquor traffic in the Indian country, as well as under the National Prohibition Act. The former or special acts provide for forfeiture to the prejudice of lienholders; the latter protects liens, but prosecutions and proceedings may be had under the special acts, as there is no mandatory duty to proceed under the National Prohibition Act.

By such special acts Congress sought to protect the dependent Indian wards of the government against the evils of intoxicating liquors, and enacted laws to prevent the sale, barter, possession, introduction, or manufacture of such intoxicants in what was designated as Indian country. An effective means to prevent the introduction of intoxicants was to provide for the forfeiture of the vehicles employed for such purposes, without regard to the ownership or claims of persons to the automobile or vehicle. Strict measures were adopted by Congress with respect to the Indians and intoxicating liquors, and, under such statutes, forfeitures of automobiles and vehicles may be had without regard to the ownership or claims of persons to such vehicle.

Decree may be entered for complainant for the forfeiture of the automobile; interveners' petition denied.