## UNITED STATES v. ONE CHEVROLET COUPÉ AUTOMOBILE.

### No. 6547.

Circuit Court of Appeals, Ninth Circuit.

May 6, 1932.

Hoyt E. Ray, U. S. Atty., and Sam S. Griffin, W. H. Langroise, and Ralph R. Breshears, Asst. U. S. Attys., all of Boise, Idaho.

C. M. Jeffery, of Pocatello, Idaho, for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

WILBUR, Circuit Judge.

Appellant instituted this proceeding by filing a libel against one Chevrolet coupé

automobile, and one ten-gallon keg containing moonshine whisky, for violation of law prohibiting the introduction of intoxicating liquors into Indian country and authorizing the seizure and forfeiture of automobiles and other conveyances so used. 25 USCA §§ 246, 247. That the automobile was so used is conceded. The trial court, however, concluded that the owner of the automobile was innocent of any knowledge of the use of the automobile by its temporary bailees for that particular illegal purpose, and upon that ground denied the prayer to the libel, and ordered the automobile restored to the owner. It. is conceded by both parties that the sole question involved in the appeal is whether or not an automobile so used for such unlawful purpose is subject to forfeiture regardless of the fact that the owner was innocent of any participation in or knowledge of the illegal use of his automobile. The question is not a new one.

Under the original form of the legislation enacted in 1864 (13 Stat. 29) for the forfeiture of vehicles used in unlawfully introducing intoxicating liquor into the Indian country (Rev. St. § 2140, now 25 USCA § 246), it was held that it did not authorize the forfeiture of an automobile or the interest of an innocent owner in the vehicle so used. In 1917 the law was amended by adding the provisions now found in 25 USCA § 247, 39 Stat. 970, as follows: "§ 247. Vehicles subject to seizure whether used by owner or other persons. Automobiles or any other vehicles or conveyances used in introducing, or attempting to introduce, intoxicants into the Indian country, or where the introduction is prohibited by treaty or Federal statute, whether used by the owner thereof or other person, shall be subject to the seizure, libel, and forfeiture provided in the preceding section."

In this amendment the clause, "whether used by the owner thereof or other person," was introduced for the first time, and the courts have since held that this clause was added for the express purpose of requiring the seizure and forfeiture of an automobile, regardless of the innocence of its owner. See U. S. v. One Automobile (D. C.) 237 F. 891; Shawnee Nat. Bank v. U. S. (C. C. A.) 249 F. 583; U. S. v. One Buick Roadster Automobile (D. C.) 244 F. 961; Hawley v. U. S. (C. C. A.) 15 F.(2d) 621; Commercial Investment Trust v. U. S. (C. C. A.) 261 ·F. 330; U. S. v. One Seven-Passenger Paige Car (D. C.) 259 F. 641; U. S. v. One Chevrolet Four-Door Sedan Automobile (D. C.) 41 F.(2d) 782. With this conclusion we agree.

It is conceded by the appellee that 25 USCA § 246, is not superseded or modified by the National Prohibition Act (title 2, § 26 [27 USCA § 40]) relating to the forfeiture of vehicles used in the unlawful transportation of liquor, and it has been so held by the District Court of Oklahoma. U. S. v. One Chevrolet, Four-Door Sedan Automobile, 41 F.(2d) 782. The question then turns entirely upon the proper construction of these two sections, 25 USCA §§ 246, 247. The appellees contend that the cases of Shawnee Nat. Bank v. United States, supra, Hawley v. United States, supra, and Commercial Investment Trust v. United States, supra, apply only to a case where there is privity of contract between one using the automobile in violation of the law·and the owner of a lien thereon. Appellant says, if we accept the contention of the appellant, "it is the automobile itself that is the offender and it is immaterial what the circumstances are." This is the theory upon which a forfeiture is predicated. 12 R. C. L. 125, § 4; Dobbins v. U. S., 96 U. S. 395, 24 L. Ed. 637; Goldsmith, Jr., Grant Co. v. United States, 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376; United States v. One Buick Roadster Automobile (D. C.) 244 F. 961.

We concur in the conclusion reached in the above-mentioned cases.

Judgment reversed.