**UNITED STATES v. NEZ PERCE COUNTY, IDAHO, et al.**

No. 1513.

District Court, D. Idaho.
Central Division.

July 13, 1943.

John A. Carver, U. S. Dist. Atty., E. H. Casterlin, Asst. U. S. Dist. Atty., and R. W. Beckwith, Asst. U. S. Dist. Atty., all of Boise, Idaho, for the United States.

Marcus J. Ware, of Lewiston, Idaho, for defendants.

CLARK, District Judge.

This action is brought by, through and under the direction and authority of the Attorney General of the United States, and the jurisdiction of this Court is claimed on the ground that the United States of America is plaintiff.

The action is on behalf of certain Indian wards and is brought to quiet title to six separate tracts of land described in plaintiff's complaint and numbered tract 1 to tract 6 inclusive. The title being held by the following named Indians:

Tract No. 1 by Joseph Peterson Estate.

Tract No. 2 by Clarence Raboin

Tract No. 3 by Weyahtulwenunmy

Tract No. 4 by Helen Jack Tomeo and Ellen Ellenwood

Tract No. 5 by James McConville, Owen J. Gould, Carrie Brown, Mary Bailey Arthur, and Fanny Vailey Hayes

Tract No. 6 by Elsie Rubens

Hereinafter in this opinion they will be referred to by tract numbers only.

Tract Number 1: This tract of land was purchased on the 30th of November 1915 at the cost of $1,000 from funds arising from the sale of land held in trust by the United States for the benefit of said Joseph Peterson, and has been held ever since that time subject to restrictions against alienation and encumbrance except with the consent and approval of the Secretary of Interior. The taxes were paid on this tract to Nez Perce County by Joseph Peterson as fol-

lows: $11.07 for the year 1936; $12.26 for the year 1937; $10.33 for the year 1938, and the taxes were levied by Nez Perce County for the years subsequent to the year 1938, no part of which has been paid.

Tract Number 2: This tract of land was purchased on August 22, 1930, at a cost of $700 under the same conditions and reservations as tract number 1. Taxes on this tract were paid to Nez Perce County for the year 1936 $13.25; for the year 1937 $13.99; for the year 1938 $12.57; for the year 1939 $16.26, and taxes were levied for years subsequent to 1939, no part of which has been paid.

Tract Number 3: This tract was purchased on the 16th day of May 1924 for the consideration of the sum of $800 and was again transferred on December 2, 1929, for the sum of $1,000 with the same reservations as applied to tract number 1. Taxes on this tract were paid to Nez Perce County, Idaho, as follows: $11.30 for the year 1936; $15.63 for the year 1937; $13.97 for the year 1938; $14.65 for the year 1939; $14.64 for the year 1940; $14.88 for the year 1941; $8.62 for the year 1942.

Tract Number 4: This tract of land was purchased on the 20th day of June, 1912, for the consideration of $550 and was deeded to Theodore Sharp, Superintendent of Fort Lapwai Indian Sanitarium School, as agent of the Government, in trust for Tok-toe-tson-my of Lapwai, County of Nez Perce, State of Idaho. In this deed there are no reservations or restrictions, but on April 9, 1925, Margaret E. Sharp, administratrix of the estate of Theodore Sharp, deceased, in trust for Tok-toe-tson-my conveyed the tract to the United States in trust for Tok-toe-tson-my, subject to the conditions that no deed, mortgage, power of attorney, contract to sell, or other instrument affecting the title thereto executed by or for the grantees or their heirs or legal representatives shall have any force or effect without the approval of the Secretary of the Interior. The present owners are Indian wards of the Government. Certificate designating this property exempt from taxation was approved by the Assistant Secretary of the Interior on August 29, 1940, and on October 5, 1940, the same was recorded in Nez Perce County, Idaho.

The deed hereinbefore mentioned dated June 20, 1912, to Theodore Sharp, Superintendent of the Fort Lapwai Sanitarium School as Agent for the Government was recorded in the records of Nez Perce County, Idaho, on the 24th day of June 1912. The deed from Margaret Sharp, administratrix, made on the 9th day of April, 1925, was not recorded, and it appears from the evidence that it never has been recorded. The exemption certificates hereinbefore referred to were filed for record in the office of the County Recorder of Nez Perce County on October 5, 1940.

The taxes on this tract were paid to Nez Perce County by or on behalf of the Indian Wards of the Government as follows: $5.17 for the year 1936; $6.06 for the year 1937; $5.68 for the year 1938; $5.94 for the year 1939; $5.94 for the year 1940. Taxes have been levied for the years subsequent to 1940, and Nez Perce County now claims the land in said tract for the taxes so levied.

Tract Number 5: This tract of land was purchased on the 27th day of April 1914 at a cost of $2,500 out of trust or restricted Indian funds, and since that time has been held subject to restrictions against alienation or incumbrance except with the consent or approval of the Secretary of Interior. Taxes on said tract were paid for the year 1936 in the sum of $21.33; for the year 1937 and thereafter taxes have been levied by Nez Perce County but have not been paid.

Tract Number 6: This tract of land was purchased on the 20th day of August, 1920, and deeded to Louis Rubens for a consideration of $6,000. This deed contains a provision: "that while the title is in the grantee or heirs, no deed, mortgage, power of attorney, contract to sell or other instrument affecting the land herein described or the title thereto shall be of any force or effect or capable of confirmation or ratification unless approved by the Secretary of the Interior."

Louis Rubens died intestate on February 21, 1931, and Elsie Rubens, Indian Ward, as his heir is now the owner of said tract of land. Elsie Rubens executed a certificate designating the property exempt from taxation on October 15, 1940. On February 21, 1941, the same was approved by the Assistant Secretary of Interior and on May 7, 1941, the certificate was recorded in Nez Perce County, Idaho. This certificate recites in the description "an undivided 5⁄6 interest" in the tract described as tract number 6.

Taxes in the sum of $29.66 were paid to Nez Perce County for the year 1936; taxes for 1937 to 1941 inclusive were not paid, and on December 22, 1941, this tract of land was deeded to Nez Perce County, Idaho, for the unpaid 1937 taxes.

These tracts have been listed separately as there is some difference in the Statement of facts as to each tract.

The question is whether those lands embraced in the different tracts held by these Indian wards were exempt from the Idaho Real Estate taxes for the years in question, commencing with the year 1936 through to the Act of June 20, 1936, 49 Stat. 1542, and whether a portion was exempt by virtue of the Act of 1936, as amended by the Act of May 19, 1937; Section 2 of this Act provides:

"All lands the title to which is now held by an Indian subject to restrictions against alienation or encumbrance except with the consent or approval of the Secretary of the Interior, heretofore purchased out of trust or restricted funds of said Indian, are hereby declared to be instrumentalities of the Federal Government and shall be nontaxable until otherwise directed by Congress."

The 1937 Act amended Section 2 of the 1936 Act, 25 U.S.C.A. § 412a, to read as follows: "All homesteads, heretofore purchased out of the trust or restricted funds of individual Indians, are hereby declared to be instrumentalities of the Federal Government and shall be nontaxable until otherwise directed by Congress: Provided, That the title to such homesteads shall be held subject to restrictions against alienation or encumbrance except with the approval of the Secretary of the Interior: And provided further, that the Indian owner or owners shall select, with the approval of the Secretary of the Interior, either the agricultural and grazing lands, not exceeding a total of one hundred and sixty acres, or the village, town, or city property, not exceeding in cost $5,000 to be designated as a homestead."

■ Our past history has demonstrated the desire of the Federal Power to protect Indians. Much has been said in opinions of the Court heretofore rendered, as to our duties to protect this helpless and dependent people, and this is the just rule to follow. This great race of people has been depleted in numbers; they are helpless; they are under the political power and control of the Government of the United States;

they are its wards; it is the Government's duty, as long as the wardship over the Indians exists to proceed to protect the Indian lands, and in cases such as this, to assert their exemption from taxation, if the circumstances warrant. These principles of law are too fundamental to require citation of cases and I will not cite them, except the last decision by the Supreme Court of the United States in the case of Board of County Commissioners of the County of Creek, State of Oklahoma v. Seber, 63 S.Ct. 920, 87 L.Ed. ——, decided April 19, 1943.

■ The constitutionality and legality of the Congressional action removing this land from taxation has been definitely decided and counsel for the defendant admits that in the above cited case all questions involved as to tracts numbered 1, 2, 3, and 5 are settled in favor of the plaintiff. The lands embraced in these tracts were purchased and subject to the restrictions contained in the conveyances, and are not subject to taxation under the Acts of Congress · as heretofore stated except as to the year 1936, and the plaintiff is entitled to judgment for the taxes paid on tracts numbered 1, 2, and 3 for all years subsequent to 1936, and as to the taxes for 1936, plaintiff is not entitled to recovery as to any of said tracts.

■ As to tract numbered 4, the only deed of record in connection with this tract is the deed dated June 20, 1912, and filed for record June 27, 1912. There are no restrictions or reservations in this deed. However, the grantee in the deed is "Theodore Sharp, Superintendent of the Fort Lapwai Indian Sanitarium School, as agent for the Government, in trust for Tok-toe-tson-my of Lapwai, County of Nez Perce, Idaho." It is contended by the defendant that there is nothing in this deed to show either that the land was purchased out of trust or restricted funds of Indians, or that the land covered by the deed was held subject to restrictions against alienation or encumbrance unless approved by the Secretary of the Interior, and that the deed from Margaret Sharp, Administratrix of the estate of Theodore Sharp deceased, in trust for Tok-toe-tson-my, which contains the following reservation: "subject to the condition that no deed, mortgage, power of attorney, contract to sell, or other instrument affecting the title thereto executed by or for the grantees of their heirs or legal representatives shall

have any force or effect without the approval of the Secretary of the Interior." was never recorded and therefore the defendant County having no notice, the land would be subject to taxation.

The fact that the deed, however, recorded on June 27, 1912, states that the' property was deeded to "Theodore Sharp, Superintendent of Fort Lapwai Indian Sanitarium School as agent for the Government, in trust for Tok-toe-tson-my of Lapwai, County of Nez Perce, State of Idaho" gives sufficient notice to the County that the property was held in trust for the Indian, and taking into consideration the obligation that the Government has assumed to protect and help the Indians as wards, the County was on notice. There is sufficient information contained in the deed to place them on notice.

■ Nez Perce County as well as the State of Idaho are under the political control of the Government of the United States and are not in a position to question this conveyance on a technicality where the recitals of the deed are at least sufficient to place them on inquiry, and certainly this recital suggests plainly that the grantee in the deed was an Indian and that the Indian did not have unlimited fee simple title to the property. With that notice it was their duty to examine and determine if the lands were purchased with trust funds and were held subject to the usual restrictions. The Fort Lapwai Indian Agency is located close to the County seat of Nez Perce County. Such an examination or inquiry could have been made with little or possibly no expense and Nez Perce County, being a political subdivision of the State, was also a political subdivision of the Government and was under the same duty as the Government to protect the Indian's land and allow the exemption as provided by Congressional Act.

For the taxes that were paid on this tract for 1936 no recovery will be allowed. The taxes paid for subsequent years however, will necessarily have to be repaid by the County and judgment for that amount will be entered and title be quieted as against all tax liens for the years unpaid.

■ Tract Numbered 6: The conveyance in this instance does not recite that the title to this land was acquired with trust funds or for an Indian, but anyone reading the deed would presume that the grantee was an Indian and the deed itself shows the restrictions against transfer or encumbrance in that the consent for such transfer or encumbrance was to be secured from the Secretary of the Interior. What has been said in regard to tract numbered 4 can be said as to tract numbered 6 in so far as notice to the defendant is concerned.

■ It is earnestly and ably argued by counsel for the defendant that the statute allowing exemptions on said property only applies to property not exceeding in cost $5,000 and that being the case, there is no exemption at all provided so far as tract numbered 6 is concerned because the cost price was $6,000 and insists that Congress intentionally places a limit of $5,000 cost price as limiting the tax exempt homestead to property that cost $5,000 or less, and that the purchase price in this case being $6,000 that no protection is afforded this land under the law as amended in 1937. Such a view is not tenable. There is no distinction between cost and value in the interpretation of this statute. Prior to the 1937 enactment the lands of the Indian were exempt from taxation. It appears clear that it was the intention of Congress by the amendment to place a limit on tax exempt property and fixes that, as far as city property is concerned, to property costing $5,000 or less. To say that because property cost $6,000 the $5,000 exemption would be cancelled would be unreasonable and unjust. The Indian could be left entirely homeless and his self-support would be entirely taken away from him and he would be the subject of charity. The Statute intended to exempt property up to $5,000 cost value and to that extent tract numbered 6 is entitled to exemption.

The taxes levied and paid for 1936 cannot be recovered. All of the taxes for 1937 were levied prior to the Act as amended on May 19, 1937, and are illegal and void. Taxes levied for 1938 and subsequent years are due and owing to the County for an undivided ⅙ interest. Taxes levied for 1938 and subsequent years on ⅚ interest in said tract were not a proper charge and are to be cancelled.

Generally speaking, plaintiff is not entitled to recover for any moneys paid out on account of 1936 taxes. Taxes after that date paid to the County, the plaintiff is entitled to recover. Defendant County is entitled to the payment of the taxes on

⅙ interest of the land described in tract numbered 6 for the year 1938 and subsequent years.

■ All deeds issued transferring any of the said tracts to Nez Perce County, Idaho, in satisfaction of taxes are to be cancelled and the title to all tracts are quieted against all claims of the defendant except as to ⅙ of the taxes levied on tract numbered 6 for the year 1938 and subsequent years.

Counsel for the plaintiff may prepare findings of fact, conclusions of law and judgment in accordance herewith, serve copies and present the same to the Court as provided by the rules.