UNITED STATES v. ONE FORD TWO-DOOR SEDAN 1941 MODEL, MOTOR No. 6094810 et al.

No. 1586.

District Court, D. Idaho, N. D.

Jan. 27, 1947.

John A. Carver, U. S. Dist. Atty., E. H. Casterlin, Asst. U. S. Dist. Atty., and Paul S. Boyd, Asst. U. S. Dist. Atty., all of Boise, Idaho, for libellant.

Elder & Elder, of Coeur d'Alene, for defendants.

CLARK, District Judge.

This libel is prosecuted by the United States of America, libellant v. One Ford Two-door Sedan and six quarts of wine.

The Libel alleges: "That on or about the 29th day of June, 1946, in the District of Idaho, Watson Elijah and James Reedy introduced into Indian Country, to-wit: Into and upon the Charles Cooper Indian Allotment No. 560, more particularly described as the NW½ Sec. 24, Twp 47 N., R. 5 W., Boise Meridian, and within the Coeur d'Alene Indian Reservation, in violation of law, Six Quarts of Wine, and they and each of them, used in conveying said wine and in introducing the same into said Indian Country a certain 1941 Ford Two-door Sedan Automobile Motor No. 6094810.

"That Gordon E. Johnson, Special Officer for the suppression of the liquor traffic among Indians, and Baptiste Meshell, Indian Police, working under his supervision, having been informed that said persons had introduced certain wine and intoxicants into the said Indian country, as aforesaid, and having found said liquor heretofore described, did on the 29th day of June, 1946, seize said liquor and said automobile pursuant to the provisions of Sections 246, 247, 248 and 250 Title 25 of the United States Code [Annotated], and now have the same in charge.

"That libellant is informed and believes, and, therefore, on that ground alleges the fact to be, that Watson Elijah, James Reedy, and Commercial Credit Corporation of Spokane, Washington, claim some right, title, or interest in and to said automobile and wine, the nature and extent of which is to libellant unknown.

"That said automobile and said wine are subject to forfeiture and are forfeited to the United States of America under provisions of the law hereinbefore set forth."

418

The Government prays that due process may be awarded in its behalf to enforce the forfeiture of the automobile and wine.

Watson Elijah answered the libel and without setting forth the answer in full it is sufficient to say that the allegations of the libel were denied by him and he prays that the libel be dismissed and that possession of the car be delivered to him and that the Court find that he is the owner and entitled to the possession of the automobile.

The facts are as follows: Watson Elijah is the owner of the automobile in question. He is an Indian, a ward of the United States government, residing on an Indian Reservation at Wellpinnit, State of Washington. He is a veteran of World War II, having recently returned from overseas duty and has an honorable discharge from the United States Army.

On the morning of June 29, 1946, Watson Elijah was requested by his Mother, who also lived in the State of Washington, to take her to Worley, Idaho, where she wanted to visit some of her friends, living in Indian Country near that town. He left Spokane, Washington, with his Mother,— no one else was in the car. A short distance from Spokane one James Reedy signaled him to a stop and requested a ride. Elijah picked him up and permitted him to ride. James Reedy was what is commonly called a hitch-hiker.

Watson Elijah delivered his Mother at her destination, which was on the Cooper allotment, situated near Worley, and is admittedly Indian Country, he then drove to Worley to get some lunch goods. Reedy accompanied him to Worley in the car, and while Watson Elijah was purchasing the lunch goods Reedy was not with him. Elijah returned to the car with the lunch goods and Reedy rode back to the Cooper allotment with him, where according to the testimony of Elijah he was going to pick up his Mother and return to Spokane, Washington. Right after this his car was stopped by a special officer for the suppression of liquor traffic among the Indians and an Indian officer, who searched the car and found six quart bottles of wine. This wine belonged to Reedy, he having purchased it that day at the State Liquor store at Worley, according to the testimony of the man-

ager of the store. At no time did Elijah have any knowledge of Reedy's purchasing the liquor or having it in his possession or in the car. Both James Reedy and Watson Elijah were charged, by information, with (1) having six quarts of wine in possession in Indian country and (2) of introducing and carrying six quarts of wine into Indian Country. Reedy pleaded guilty to an information charging the above offense (case No. 4238 in this court) Watson Elijah appeared before the Court without counsel and counsel was appointed, he entered a plea of not guilty, a jury was duly impaneled, the case was tried and the jury returned a verdict of not guilty on both counts (case No. 4260 in this court).

This is an important case, the property of an Indian, ward of the United States is involved; the Court was impressed with the honesty and sincerity of this man, and the Court is satisfied he had no knowledge whatever of the wine being in the car or of the fact that Reedy had any wine in his possession, and although it is immaterial here, Elijah was tried before a jury for the same act under information and found not guilty of either having the wine in his possession or of introducing it into Indian Country.

The Court is confronted with the following facts which the Court finds established by the evidence and stipulations.

1. That Watson Elijah is an Indian ward of the United States Government.

2. That Watson Elijah is the owner of the car in question.

3. That the Charles Cooper Indian Allotment No. 560 is Indian Country.

4. That wine is an intoxicant within the meaning of the section under which the libel is brought.

5. That the wine was found in the car on the Cooper allotment.

6. That the wine was in the car at the time it was searched by the officers.

7. That Watson Elijah had no knowledge or information that the wine was in the car.

8. That James Reedy was in the car as a hitch-hiker.

The Statute 25 U.S.C.A. § 247, as amended on March 2, 1917 under which this libel

is brought provides as follows: "Automobiles * * * used in introducing, or attempting to introduce, intoxicants into the Indian country * * * whether used by the owner thereof or other person, shall be subject to the seizure, libel, and forfeiture provided in [Section 246 of this title (25)]".

There is only one question to answer here. Does the fact that Watson Elijah owned the car in which liquor was found, in Indian country, permit him to defend this action, when the presence of liquor in the car was under the circumstances as hereinbefore related?

While there is only a small amount involved, about six hundred dollars; as far as the Indian is concerned it means a great deal and is entitled to careful consideration.

The Court here is dealing with the property rights of an Indian, a ward of the United States Government. As this Court said in United States v. Nez Perce County, D.C., 50 F.Supp. 966 at page 969: "Our past history has demonstrated the desire of the Federal Power to protect Indians. Much has been said in opinions of the Court heretofore rendered, as to our duties to protect this helpless and dependent people, and this is the just rule to follow. This great race of people has been depleted in numbers; they are helpless; they are under the political power and control of the Government of the United States; they are its wards; it is the Government's duty, as long as the wardship over the Indians exists to proceed to protect the Indian lands, and in cases such as this [to see that complete justice is done]." And if the acts of the Indian Watson Elijah are not in violation of the laws of the United States his rights here should be carefully guarded by the Court.

It must be remembered that Watson Elijah, as hereinbefore states, was found not guilty by the jury in the criminal prosecution based on the same state of facts, and this Court is of the opinion that it was a just verdict, because in the Court's opinion he was innocent of any wrong doing. This Court listened to the testimony of Watson Elijah in that case and also in the case now

before the Court and was impressed with the demeanor of the witness on the stand, his frankness in answering the question propounded to him and the straightforwardness of his testimony, taking into consideration his mentality and status in life. Being innocent, must he lose his car because he picked up a hitch-hiker who violated the law while riding in his car?

Let us look at the statute to see if it could possibly have been the intent of Congress to provide such a drastic penalty on one in the position of Watson Elijah.

The Statute provides that: "Automobiles * * * used in introducing * * * intoxicants into Indian country * * * whether used by the owner thereof or other person, shall be subject to seizure, libel, and forfeiture."

The automobile itself has no power of introduction, it is the use of it by some person; that person can either be the owner of the car or some other person.

The two persons here are Watson Elijah and James Reedy.

First as to Watson Elijah; did he use the car in introducing intoxicants? Certainly not. The fact that Elijah had no knowledge of the wine being in the car; that he had no dominion over it or right to dispose or handle it, makes it impossible, by any stretch of the imagination to say that he introduced it.

As to James Reedy, we find just the opposite. He did introduce the wine into Indian Country. Was the car used by him, within the meaning of the statute, for that purpose? I think not. He had no dominion or power of possession over the car. His position was only that of a passenger; he had no legal right to make any use of the car whatever. The car was not in his use, he had no permission from the owner to apply it to his own use. Technically Reedy made use of the car, but that is not the use intended here. The possession intended here is the legal right to have dominion over that which is in possession. Reedy was not in possession.

Counsel for the Government contend that the innocence of the owner will not prevail as a defense. That it is the automobile alone that answers to the charge and

insists that the decision of the Circuit Court of Appeals, Ninth Circuit in the case of United States v. One Chevrolet Coupe Automobile, 58 F.2d 235, 236, is controlling. However, we are confronted here with a state of facts that are entirely different from the above cited case. In that case one George Metz was owner of the car, subject to a conditional sales contract. George Metz permitted one George Walters to use the car. The owner of the car and the holder of the conditional sales contract had no knowledge that Walters was going to use the car for introducing liquor into Indian Country. In that case the question was "when the owner of the automobile was innocent of any knowledge of the use of the automobile by its temporary bailee and while in the possession of the bailee, he used it for unlawfully introducing intoxicating liquor into Indian Country, was the car subject to forfeiture against the innocent owner."

In passing on this question the Court said: "In this amendment the clause, 'whether used by the owner thereof or other person,' was introduced for the first time, and the courts have since held that this clause was added for the express purpose of requiring the seizure and forfeiture of an automobile, regardless of the innocence of its owner. See United States v. One Automobile, D.C., 237 F. 891; Shawnee Nat. Bank v. United States [8 Cir.] 249 F. 583; United States v. One Buick Roadster Automobile, D.C., 244 F. 961; Hawley v. United States, [8 Cir.], 15 F.2d 621; Commercial Investment Trust v. United States, [8 Cir.], 261 F. 330; United States v. One Seven-Passenger Paige Car, D.C., 259 F. 641; United States v. One Chevrolet Four-Door Sedan Automobile, D.C., 41 F.2d 782. With this conclusion we agree."

This wording was used in relation to the facts of that case. They are entirely different from the facts in the instant case. It will be noted that the man using the car was the Bailee, he had dominion and control over the car with the permission of the owner, he used the car in introducing liquor into Indian Country, by his having such dominion and control, the owners were not allowed to plead their innocence in defense of the forfeiture. While in this case James Reedy was not a bailee, he had no dominion or control of the car. The automobile itself is an inanimate object and there must be some guiding hand. A car may be parked in Indian Country and the officers may be on the trail of persons who have intoxicants in their possession, they might pass the car so parked and in order to rid themselves of the intoxicant toss it in the car. Is the car forfeited because the officers find liquor in it. What if the car was owned by the officer who was pursuing the suspect and the suspect hid the liquor in the officer's car, is the car forfeited to the Government?

If a man's car is stolen and found in Indian Country with intoxicating liquor in it, does that fact alone forfeit the car?

My attention is called to the wording in the opinion of the Ninth Circuit Court of Appeals in United States v. One Chevrolet Coupe Automobile, supra, as follows: "Appellant says, if we accept the contention of the appellant, *'it is the automobile itself that is the offender and it is immaterial what the circumstances are.'* This is the theory upon which a forfeiture is predicated."

The italicized portion of the opinion is not the words of the Court. The comment of the Court is "This is the theory upon which a forfeiture is predicated." That does not, in my judgment, bind this Court to the general statement that the car is the offender. It is a general rule but one, like most general rules, which is subject to certain exceptions.

I am thoroughly in accord with this opinion as rendered by the Ninth Circuit Court of Appeals and if a like state of facts existed here I would necessarily follow the above opinion in detail, however, it must be remembered that in this opinion I am endeavoring to interpret this statute only as it applies to the particular facts involved in this case. Every opinion must be read in relation to the particular state of facts upon which the opinion is rendered. This is the principle announced, or at least the rule followed by the Supreme Court of the United States in the case of Goldsmith, Jr.-Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 191, 65 L.Ed. 376, (cited

in the opinion of the Ninth Circuit Court of Appeals, United States v. One Chevrolet Coupe Automobile, supra) where the Court said in referring to possible contentions under the law: "Whether the indicated possibilities under the law are justified we are not called upon to consider. * * * When such application shall be made it will be time enough to pronounce upon it."

It is the duty of the Court, under the circumstances here, to construe this statute strictly and in a manner as favorable to Watson Elijah as is consistent with justice and with fair principles of interpretations.

Courts generally have held that when one loans his car to another he assumes liability for the acts of that person in using it contrary to law but this provides no likeness to the circumstances here. Reedy at most was only a passenger and as said by the District Court of Appeal, Second District, Division 3, California in the case of People v. One 1941 Buick Sport Coupe, etc., 166 P.2d 69, at page 73.

"On the facts presented by the findings in the instant case, we feel that an innocent owner, in possession of his vehicle, should not be made to suffer the drastic penalty of forfeiture where he has no knowledge, actual or implied, of the unlawful possession of narcotics by one who is riding with him. Although the legislature has not expressly exempted an owner, under such circumstances we feel that a forfeiture should not be permitted for a 'contrary determination would amount to an unconstitutional deprivation of property without due process of law.' People v. One 1941 Ford 8 Stake Truck, supra, [26 Cal.2d 503, 159 P. 2d 641]. The same principle, i. e., deprivation of property without due process, is as truly involved here as in the case of an owner whose car is stolen from him or who has not consented to the taking or use of his automobile."

The Statute on which this decision by the California Court is based is more strongly worded in respect to forfeiture than the statute (Sec. 247, Title 25 U.S.C.A.) under which this action is prosecuted, and while it can be said that this provision taken literally includes the auto-

mobile used by James Reedy in this case, such a construction is so unreasonable and the resulting forfeiture so unjust it is certain, in my mind, that Congress had no such intention, and if they did so intend then it would be in violation of the due process clause of the Constitution of the United States. Amend. 14.

The Court concludes that under the facts as found there was reasonable cause for seizure of the car and wine; that the car in question is not subject to forfeiture; that the usual decree should be entered forfeiting the wine.

Counsel for Watson Elijah will prepare and submit appropriate judgment.