**ESCOBEDO et al. v. UNITED STATES.**

No. 11899.

United States Court of Appeals
Ninth Circuit.

Nov. 23, 1948.

Merle C. Groene, of Billings, Mont., for appellants.

John B. Tansil, U. S. Atty., and Franklin A. Lamb, Asst. U. S. Atty., both of Billings, Mont., for appellee.

Before DENMAN, Chief Judge, and STEPHENS and HEALY, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment forfeiting an automobile because of its carriage of intoxicating liquor into the Indian Country in violation of Sec. 247, Title 25 U.S.C., 39 Stat. 970.[1]

The appellee filed a libel of information for the forfeiture of an automobile belonging to one Ermelindo Escobedo, hereinafter called the owner, charging that the owner, the driver of the car and one Melendrez, introduced and conveyed into the Crow Indian Reservation in Montana, a part of the Indian Country, certain vinous intoxicating liquor, to wit, wine. The owner, as lien claimant, answered and denied such carriage in his automobile and at the hearing the carriage in his automobile was proven.

The further answer of the owner alleged that at no time preceding the seizure or at the time of the seizure did he have any information whatsoever that the automobile contained any wine. Evidence on the latter issue was offered but the district court in its decision made no finding thereon. It summarized the evidence but the summary states no more than that it brings the owner in close contact with the jug of wine found in the car and that it was returned to the automobile after the passenger Melendrez had been drinking from it. The trial court well may have refrained from making a finding of knowledge in the owner of the carriage of the wine, for the case was tried on the evidence of a prior criminal proceeding between the same parties in which the appellant owner was adjudged not guilty of the charge of having "wilfully * * * and unlawfully introduced" the wine into the Indian Country. The court's summary is intended to show that appellant owner was put on inquiry as to what his passenger had done with the wine, a fact the pertinence of which appears infra.

However, no such finding is required since, in the absence of the car owner's knowledge, the lower court properly based the forfeiture on the decision of this court in United States v. One Chevrolet Coupé Automobile, 9 Cir., 58 F.2d 235, and cases cited therein.

In that case the automobile was used by a temporary bailee of the owner, who purposefully carried the intoxicating liquor into the Indian Country. It was conceded in that case that the owner knew nothing about the use of the automobile for the purpose in question. We are unable to

---

[1] 1948 Criminal Code, 18 U.S.C.A. § 3618.

distinguish that case, where the owner was liable though absent, from the instant case, where the owner was in possession and control of the vehicle of transportation.

We there discussed the original form of the legislation for the forfeiture of vehicles so used, under which there could not be a forfeiture of the interest of an innocent owner in the vehicle. In 1917 the law was amended by adding the provisions now found in par. 247, Title 25 U.S.C., 39 Stat. 970, in which to the section for the forefeiture of vehicles introducing intoxicating liquor into the Indian Country there was added concerning the automobile so used the phrase "whether used by the owner thereof or other person".

█ We there construed this amendment as requiring the forfeiture of an automobile so used, even though the owner was ignorant of such use, citing many authorities. We stated the controlling rule to be that "it is the automobile itself that is the offender and it is immaterial what the circumstances are."

Appellants contend that we should over-rule this holding, pointing out that if the automobile be the offender there would be a forfeiture where the automobile with nobody in it was at an elevation outside the Indian Country and its brakes loosened and it rolled down into the Indian Country, and also in the case where the automobile is stolen from the owner and used for the illicit purpose without his possible knowledge or participancy.

█ It is not necessary for us to decide whether these situations would constitute exceptions to the rule stated in our decision above, since in this case the owner was in his car and it was driven by his son as his agent under circumstances, shown in the court's summary supra, putting upon appellant the duty of inquiry as to the likely presence of the intoxicants. Cf. United States v. One Ford Two-Door Sedan 1941 Model, D. C., 69 F.Supp. 417, 420.

The judgment is affirmed.

HEALY, Circuit Judge (concurring).

The circumstances of this case were such as to put appellant on inquiry if not to charge him with actual knowledge of the presence of the intoxicants in his car. The trial court took that view of the evidence. I concur in the affirmance on that ground.